UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:20-cv-11456

FREDERICK WEICHEL,
    Plaintiff,

v.

TOWN OF BRAINTREE, BRAINTREE POLICE CHIEF JOHN VINCENT POLIO, BRAINTREE POLICE OFFICERS JAMES LEAHY, ESTATE OF ROBERT WILSON, ESTATE OF THEODORE BUKER, and UNKNOWN BRAINTREE POLICE OFFICERS, ESTATES OF BOSTON POLICE OFFICERS EDWARD WALSH and WALTER DERBY, CITY OF BOSTON, MASSACHUSETTS, and STATE POLICE OFFICERS JOHN R. SPRAGUE and EDWARD WHELAN,
    Defendants.

**DEFENDANT TOWN OF BRAINTREE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

NOW COMES the Defendant Town of Braintree and moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count VI of Plaintiff Frederick Weichel's complaint titled, "State-Law Claim Indemnification" for failing to state a claim upon which relief may be granted.

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 as well a claim for intentional infliction of emotional distress against several retired Town of Braintree employees.[1]  In Count VI of Plaintiff's complaint, he asserts a claim entitled "State-Law Claim Indemnification" against the Town of Braintree seeking to require the Town to indemnify any future judgment obtained against these defendant employees.  The complaint does not specify a legal theory or

---

[1] All but one (James Leahy) of whom are deceased.

1

basis for this indemnification claim.  As factual support for this claim, the complaint states only that all individual "Braintree Police Defendants" were acting within the scope of their employment and that "Massachusetts law provides that public entities are to pay tort judgments for which employees are liable within the scope of their employment activities."  See Plaintiff's Complaint at ¶¶ 251-252.  Count VI fails to state a viable claim against the Town of Braintree for multiple reasons.

A Plaintiff lacks standing to assert a claim for indemnification on behalf of a defendant.  Stull v. Town of Weymouth, No. CIV.A. 11-11549-JLT, 2013 WL 5592605, at *6 (D. Mass. Oct. 9, 2013), citing Restivo v. Swansea, 398 Mass. 1002, 1003, 495 N.E.2d 838 (1986).  In Stull, the plaintiff asserted civil rights claims pursuant to 42 U.S.C. § 1983 as well as state law tort claims against municipal police officers arising from his arrest.  Stull, No. CIV.A. 11-11549-JLT, 2013 WL 5592605, at *1-4. The plaintiff also asserted claims for indemnification against the defendant officers' municipal employers.  Id. at *6.  The court dismissed plaintiff's claims for indemnification against the municipal employer defendants, stating, "only the Officer Defendants, if found liable to Plaintiffs, have standing to sue the Town Defendants for indemnification.  Plaintiffs themselves have no standing to claim indemnification on behalf of the Officer Defendants."

Also, Plaintiff's contention that Massachusetts law requires public entities to indemnify judgments for which employees are liable within the scope of their employment is plainly incorrect. G.L. c. 258, § 9 is a limited waiver of sovereign immunity that permits (with certain limitations) but does not require municipal employers to indemnify employees for tortious acts committed within the scope of their employment.  Section 9 states,

> "Public employers may indemnify public employees, and the commonwealth shall indemnify persons holding office under the constitution, from personal financial loss, all damages and expenses, including legal fees and costs, if any, in an amount not to exceed $1,000,000 arising out of any claim, action, award,

compromise, settlement or judgment by reason of an intentional tort, or by reason of any act or omission which constitutes a violation of the civil rights of any person under any federal or state law, if such employee or official or holder of office under the constitution at the time of such intentional tort or such act or omission was acting within the scope of his official duties or employment. No such employee or official, other than a person holding office under the constitution acting within the scope of his official duties or employment, shall be indemnified under this section for violation of any such civil rights if he acted in a grossly negligent, willful or malicious manner." G.L. c. 258, § 9.

Section 9 "provides public employers with the *discretion* to indemnify public employees for financial loss and expenses arising from certain civil actions (intentional torts and civil rights violations)." Town of Oxford, 439 Mass. 720, 726, 791 N.E.2d 310, 315 (2003) (emphasis in original). See Davis v. Coakley, 802 F.3d 128, 133 (1st Cir. 2015) (indemnification pursuant to G.L. c. 258, § 9 is discretionary); Stull, No. CIV.A. 11-11549-JLT, 2013 WL 5592605, at *6 ("section 9 of Massachusetts General Laws chapter 258 .. permits but does not require a municipality to indemnify its employees"); Nguyen v. Arbella Ins. Grp., 91 Mass. App. Ct. 565, 570, n.5 (2017) ("the plain words of G.L. c. 258, § 9, make indemnification discretionary even where a public employee has been sued for an act within the scope of his or her employment"). Section 9 does not mandate indemnification of municipal employees under any circumstance. Williams v. City of Brockton, No. CIV.A. 12-10430-JGD, 2013 WL 254778, at *4 (D. Mass. Jan. 23, 2013). "While the plain language of Section 9 grants public employers' authority to indemnify their employees under certain conditions, it does not require them to do so in any given case. Furthermore, the statute imposes no obligation on public employers to treat their employees equally or to provide support for a refusal to indemnify." Id. at *5. Indemnification is not mandated by Section 9, even where the municipal employer cannot provide a sound justification for its particular refusal to indemnify. Id.

Municipalities may choose to obligate themselves to indemnify their employees against judgments (with certain limitations) by adopting G.L. c. 258, § 13 in the manner provided within

3

that section.  However, the Town of Braintree has not adopted G.L. c. 258, § 13 or its predecessor statute G.L. c. 41, § 100I and it is therefore not bound by any of the mandatory indemnification language contained within these statutes.  See <u>Affidavit of Town of Braintree Clerk James Casey</u>, attached as **Exhibit 1**.  As discussed above, even if the Town of Braintree were required to indemnify its employees, Plaintiff would lack standing to enforce this obligation.  For these reasons, Plaintiff's count for "indemnification" against the Town of Braintree must be dismissed for failure to state a claim.

WHEREFORE, the Defendant Town of Braintree requests that this Court dismiss Count VI of Plaintiff's complaint against the Town of Braintree for failing to state a claim upon which relief may be granted.

        Respectfully submitted,

        Defendant,
        TOWN OF BRAINTREE,
        By its attorneys,

        */s/ Evan C. Ouellette*
        Evan C. Ouellette, BBO #655934
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        699 Boylston Street
        Boston, MA 02116
        (617) 880-7100
        eouellette@bhpklaw.com

Dated: December 7, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

*/s/ Evan C. Ouellette*
Evan C. Ouellette, BBO #655934

Dated: December 7, 2020