UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:20-cv-11456-IT

FREDERICK WEICHEL,
     Plaintiff,

v.

TOWN OF BRAINTREE, BRAINTREE
POLICE CHIEF JOHN VINCENT POLIO,
BRAINTREE POLICE OFFICERS JAMES
LEAHY, ROBERT WILSON, THEODORE
BUKER, and UNKNOWN BRAINTREE
POLICE OFFICERS, ESTATES OF BOSTON
POLICE OFFICERS EDWARD WALSH,
WALTER DERBY, MASSACHUSETTS, and
STATE POLICE OFFICERS JOHN R.
SPRAGUE and EDWARD WHELAN,
     Defendants.

## DEFENDANT TOWN OF BRAINTREE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS ALL CLAIMS ASSERTED AGAINST IT PURSUANT TO FED. R. CIV. P. 12(B)(6)

## I.    INTRODUCTION

NOW COMES the Defendant Town of Braintree ("Town") and moves pursuant to Fed.

R. Civ. P. 12(b)(6) to dismiss all claims asserted against it within Plaintiff Frederick Weichel's

("Plaintiff") Amended Complaint.  Plaintiff's "Monell" action against the Town is time-barred

under the applicable statute of limitations and to the extent Plaintiff has asserted a claim against

it for intentional infliction of emotional distress, the Town is immune from such a claim under

citing G.L. c. 258, § 10(c).

## II.      FACTS ALLEGED IN PLAINTIFF'S AMENDED COMPLAINT[1]

Plaintiff's Amended Complaint asserts several claims arising from his alleged wrongful 1981 conviction for the murder of Robert Lamonica.  Plaintiff alleges that in 1980, as part of the murder investigation, Defendant Robert Wilson who is a deceased town of Braintree police officer, engaged in unduly suggestive identification procedures in order to coerce an eyewitness into identifying Plaintiff as the murderer.  Plaintiff's Amended Complaint at ¶¶ 20, 30, 91.  Plaintiff further alleges that Defendant James Leahy, who is a retired Braintree police officer and Defendants Theodore Buker and Vincent Polio who are deceased Braintree police officers withheld the existence of a June 1980 report written by Leahy, which Plaintiff refers to as the "Leahy Report" and contends was exculpatory.  Id. at ¶¶ 70-76.  Plaintiff alleges that these actions reflected the Braintree Police Department's unwritten custom or policy to not investigate exculpatory evidence and to withhold it from criminal defendants.  Id. at ¶22.

In August 2010, Plaintiff's counsel obtained a copy of the Leahy Report from the Town through a public records request.  Id. at ¶¶ 143-144.  On April 10, 2017, the Massachusetts Superior Court granted Plaintiff's third motion for a new trial, vacating his 1981 murder conviction, and granting him a new trial.  Id. at ¶26.  On July 21, 2017, the Supreme Judicial Court of Massachusetts affirmed the Superior Court's order on appeal.  Id. at ¶ 181.  On August 7, 2017, the Norfolk County District Attorney's Office entered a nolle prosequi dismissing all charges against the Plaintiff.  Id. at ¶ 182.  Plaintiff filed the instant action in the United States District Court for the District of Massachusetts on August 3, 2020.

Plaintiff's Amended Complaint does not clearly indicate which of his several counts brought pursuant to 42 U.S.C. § 1983 are asserted against the Town, as opposed to the individual

---

[1] The Town assumes each of the facts asserted within Plaintiff's Amended Complaint to be true for purposes of this motion only.

defendants.[2]  The Supreme Court has held that municipal liability may only be imposed for injuries inflicted pursuant to the municipality's "policy or custom."  Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).  Thus, Monell made clear that municipalities could not be held liable under a theory of respondeat superior for the actions of their employees which violated constitutional rights.  Id.  Plaintiff's Amended Complaint contains no reference to "Monell;" however, the Town interprets count I as asserting a § 1983 claim against it pursuant to Monell based on an alleged municipal custom, policy or practice of depriving individuals of their constitutional right to due process.  This claim must be dismissed because it is time-barred under the applicable statute of limitations.

### III.      STANDARD OF REVIEW

A complaint or count therein must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6). "To survive such a motion, the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face."  Kersey v. Avery Dennison Corp., 456 F. Supp. 3d 288, 292 (D. Mass. 2020), citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### IV.      ARGUMENT

#### A.  Plaintiff's "Monell" claim is time-barred under the applicable statute of limitations.

Plaintiff's § 1983 Monell claim was not filed within three years of it accruing and is therefore time-barred under the applicable statute of limitations.  "There is no federal statute of

---

[2]  Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for violation of due process (count I), malicious prosecution (count II), conspiracy to deprive constitutional rights (count III), and "failure to intervene" (count IV).  Plaintiff also asserts a Massachusetts state law claim for intentional infliction of emotional distress (count V).

limitations for § 1983 claims, but instead, § 1983 borrows the forum state's statute of limitations for personal injury claims, which in Massachusetts is three years." McGunigle v. City of Quincy, 944 F. Supp. 2d 113, 119 (D. Mass. 2013).  The date of accrual for § 1983 claims, however, "is a question of federal law that is not resolved by reference to state law."  Wallace v. Kato, 549 U.S. 384, 388 (2007).  A § 1983 accrues "when the plaintiff knows, or has reason to know of the injury on which the action is based."  Alamo–Hornedo v. Puig, 745 F.3d 578, 581 (1st Cir.2014).  "[A] plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt."  Morán Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir. 2008).  "Furthermore, for statute of limitation purposes, each section 1983 claim is analyzed independently."  Coll. Hill Properties, LLC v. City of Worcester, 135 F. Supp. 3d 10, 14 (D. Mass. 2015), aff'd, 821 F.3d 193 (1st Cir. 2016), citing Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001).

"Under the rule set forth in Heck v. Humphrey, 512 U.S. 477, 486–90 (1994), a plaintiff may not bring suit under § 1983 where his claims would implicate the validity of a criminal conviction unless that conviction has been reversed or vacated, and thus a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Echavarria v. Roach, No. 16-CV-11118-ADB, 2017 WL 3928270, at *6 (D. Mass. Sept. 7, 2017).  "Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of Heck, will the statute of limitations begin to run." (Internal citation omitted).  McDonough v. Smith, 139 S. Ct. 2149, 2158 (2019).  A cause of action based on wrongful conviction does not accrue until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

4

called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. "The Heck rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been ... invalidated, that is to say, an outstanding criminal judgment.  It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." (Internal quotations omitted).  Wallace v. Kato, 549 U.S. 384, 393 (2007).

Plaintiff's third motion for a new trial was granted by the Massachusetts Superior Court on April 10, 2017, setting aside his extant 1981 conviction and granting him a new trial.  On July 21, 2017, the Supreme Judicial Court of Massachusetts ("SJC") affirmed the Superior Court's order on appeal.  Plaintiff did not file the instant action until August 3, 2020, more than three years later.  His claims were therefore not filed within three years of their accrual and are time-barred.

To the extent Plaintiff argues that his cause of action did not accrue until August 7, 2017, when the Commonwealth entered a nolle prosequi, he is without support.  Plaintiff's conviction was "set aside" by the Superior Court's order granting him a new trial and the SJC's subsequent ruling affirming this order.  The Heck deferred accrual rule only applies where there exists an "outstanding criminal judgment."  Wallace v. Kato, 549 U.S. at 393.  Where a conviction has been set aside, but the charges remain pending, Heck does not bar an action that would "impugn an anticipated future conviction."  Id.

The First Circuit has not indicated that entry of a nolle prosequi, as opposed to the allowance of a motion for new trial, which has been affirmed by the Commonwealth's highest court on appeal is necessary to lift the Heck bar on a § 1983 due process claim or state law tort claims arising from alleged wrongful convictions.  Indeed, other circuits have held the opposite.

In <u>Buckley</u>, the plaintiff's 1999 conviction for drug-related offenses was vacated by the trial

court in November 2010.  <u>Buckley v. Ray</u>, 848 F.3d 855, 865 (8th Cir. 2017).  One month later,

the prosecutor entered a nolle prosequi dismissing the charges against plaintiff; however, under

the law of the state where the conviction occurred, plaintiff could be retried for the same offense

up to a year after the nolle prosequi was entered.  <u>Id</u>.  In December 2014, the plaintiff filed a §

1983 action asserting violations of his rights to due process of law and equal protection under the

Fourteenth Amendment arising from his alleged wrongful conviction.  <u>Id</u>. at 866.  Although

plaintiff did not escape jeopardy of retrial until December 6, 2011—one year after the nolle

prosequi dismissal of the charges against him, the Eighth Circuit held that the <u>Heck</u> bar was

lifted and his § 1983 causes of action accrued on the date his conviction was set aside by the trial

court and not when the nolle prosequi entered or when he became immune from re-trial.  <u>Id</u>. at

866-67.  Relying on <u>Wallace v. Kato</u>, 549 U.S. 384 (2007), the Court held that Plaintiff's § 1983

action, filed more than three years after his conviction was set aside by the trial court was time

barred:

> "The Supreme Court's decision in <u>Wallace</u> controls [plaintiff's] claim. The trial court
> invalidated [his] 1999 conviction on November 1, 2010.  No extant conviction exists for
> his § 1983 claims to impugn.  The possibility that the State may have re-tried and
> convicted him of the cocaine charges—"an anticipated future conviction"—does not
> implicate the <u>Heck</u> rule.
> ….
>
> The Brady violation committed against [plaintiff] by the Law Enforcement Defendants
> caused him damage when he was convicted and incarcerated in 1999. The trial court
> vacated his conviction on November 1, 2010.  That is the date on which his cause of
> action accrued.  <u>Id</u>. at 867."

In <u>Fultz</u>, the plaintiff's state court conviction was reversed on appeal in June 2012 and

remanded for a new trial.  <u>Fultz v. Horton</u>, No. 14-CV-5132, 2017 WL 449161, at *2 (N.D. Ill.

Feb. 2, 2017).  It was not until over a year after the remand in October 2013, when the

prosecution entered a nolle prosequi, dismissing the charges against plaintiff.  Id.  In June 2014,

Plaintiff filed a § 1983 due process action arising from his alleged wrongful conviction.  Id.  The

court held plaintiff's § 1983 due process action was untimely because it had accrued on the date

his conviction was set aside on appeal and he was granted a new trial, not when the nolle

prosequi was entered, regardless of whether the charges against him remained pending.[3]  Id. at

*5.  See also Davis v. Zain, 79 F.3d 18 (5th Cir. 1996) (finding § 1983 claim by plaintiff whose

murder conviction was reversed on appeal and who was granted a new trial was not barred by

Heck, even though he faced re-trial on the same charge).

     In Echevarria, the plaintiff sought to pursue § 1983 claims arising from his alleged

wrongful conviction after being granted a motion for a new trial by the Massachusetts Superior

Court.  Echavarria, No. 16-CV-11118-ADB, 2017 WL 3928270, at *2.  The order for a new trial

was not challenged by the Commonwealth on appeal but rather, the Commonwealth entered a

nolle prosequi approximately two months later.  Id.  In examining when the Heck bar on

plaintiff's § 1983 claim was lifted and his cause of action accrued, the court held that "pursuant

to Heck, [plaintiff's] cause of action did not accrue until his motion for a new trial was granted."

Id.  "Plaintiff's claims did not accrue until, at the earliest, the date his motion for a new trial was

granted."  Id. at *7.

     The Plaintiff's "Monell" claim, which is based on an underlying deprivation of due

process resulting in wrongful conviction accrued when the Superior Court set aside the

conviction and ordered a new trial in April 2017 or, at the latest, when the SJC affirmed the order

on appeal in July 2017.  The Superior Court's order setting aside Plaintiff's conviction left

outstanding only an indictment but no existing criminal judgment.  Further, the SJC's order on

---

[3] Illinois has a two-year statute of limitations for tort claims and therefore a two-year statute of
limitations applied to plaintiff's § 1983 action.

appeal affirming the trial court's order overturning the conviction is akin to a reversal on direct appeal.  Plaintiff's "Monell" action against the Town is therefore barred by the three-year state of limitations.

To the extent Plaintiff has asserted his Massachusetts state law claim for intentional infliction of emotional distress (count V) against the Town, this claim also cannot survive as a matter of law.  G.L. c. 258, also known as The Massachusetts Tort Claims Act is a waiver of sovereign immunity that provides the exclusive state law remedy against a public entity for claims alleging tortious action or inaction of public employees.  G.L. c. 258, §§1, 2; See Doe v. Old Rochester Regl. Sch. Dist., 56 F. Supp. 2d 114, 120 (D. Mass. 1999).  The Massachusetts Tort Claims Act preserves a municipality's immunity against any claim arising out of an intentional tort by its employees.  Felix v. Town of Randolph, 2013 WL 3830840 *4 (D. Mass. 2013), citing G.L. c. 258, § 10(c).  G.L. 258 specifically states that municipalities shall be exempt from liability for "any claim arising out of an intentional tort, including … intentional mental distress." G.L. c. 258 §10(c).  See Howcroft v. Peabody, 51 Mass.App.Ct. 573, 596 (2001) (affirming dismissal, under G.L. c. 258, § 10(c), of intentional infliction of emotional distress claim against public employer).  The Town is therefore immune from Plaintiff's state law claim.


**V.     CONCLUSION**

For these reasons, the Town of Braintree respectfully requests that this Honorable Court dismiss all claims asserted against it within Plaintiff's Amended Complaint.

Respectfully submitted,

Defendant,
TOWN OF BRAINTREE,
By its attorneys,

*/s/ Evan C. Ouellette*
Evan C. Ouellette, BBO #655934
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street
Boston, MA 02116
(617) 880-7100
eouellette@bhpklaw.com

Dated: June 11, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

*/s/ Evan C. Ouellette*
Evan C. Ouellette, BBO #655934

Dated: June 11, 2021