## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FREDERICK WEICHEL,

    Plaintiff,

        v.                                    Case No. 20-CV-11456-IT

TOWN OF BRAINTREE, *et al.*

    Defendants.

## NON-PARTY CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1), 12(B)(5) AND 12(B)(6)

### I.      INTRODUCTION

Now comes the Defendant, City of Boston (the "City"), and hereby respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(1), (5) and (6), to dismiss the Amended Complaint (ECF No. 93) against the City. As grounds, the City states that: (1) Plaintiff's claims are time-barred; (2) the City has not issued a liability bond or insurance policy for the benefit of Walter Derby; and (3) the Plaintiff lacks standing to bring a claim as a putative fourth-party beneficiary to a collective bargaining agreement.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2020, Plaintiff filed a six-count complaint against 11 named defendants, including the City and the estates of two former Boston Police Officers – Edward Walsh and Walter Derby.  In short, Plaintiff contends that he "was wrongly

accused and convicted of the 1980 murder of Robert LaMonica." Plaintiff spent 36

years in prison. Plaintiff has sued two former Boston Police Officers – Edward

Walsh ("Officer Walsh") and Walter Derby ("Officer Derby").  Plaintiff contends that

"confidential informants told Defendants Walsh and/or Derby that Plaintiff was

involved."  Plaintiff further contends that Officers Walsh and Derby shared that

information with defendant Robert Wilson. From that limited alleged conduct,

Plaintiff seeks to hold Officers Walsh and Derby responsible for his incarceration.

Plaintiff initially sued the City demanding that it indemnify the Boston Police

Officers.

On September 22, 2020, the City filed a motion to dismiss.  (ECF No. 4.)

Plaintiff filed a motion to allow claims against deceased defendants which the City

of Boston opposed.  (ECF No. 29).  On March 13, 2021, the Court allowed the City's

motion to dismiss and denied Plaintiff's motion without prejudice.  (ECF Nos. 85-

86.)  The Court's Order concerning the Plaintiff's motion provides in pertinent part:

> Where the remaining deceased officers died more than one year ago,
> Plaintiff shall endeavor to determine promptly if a personal
> representative has been appointed, and if no personal representative
> has been appointed, Plaintiff may seek leave to amend the complaint
> to name the dece[de]nt, rather than the estate, as the defendant; in
> either event, Plaintiff shall serve process on the entity providing the
> policy of liability bond or liability insurance from which Plaintiff
> intends to satisfy any judgment against the decedent.

(Id. (alteration to original)) On June 3, 2021, the Plaintiff purportedly served Boston

Police Officer Walter Derby by delivering a copy of the Summons and First

Amended Complaint with the City Clerk for the City of Boston. (ECF No. 95.) It is

Plaintiff's contention that Officer Derby was a member of a union and that,

pursuant to M.G.L. c. 190, § 3-803, the City has issued a policy of insurance or indemnity bond in the form of Officer Derby's union's collective bargaining agreement ("CBA").

As discussed herein, Officer Derby retired from the Boston Police Department ("BPD") on February, 1990. Officer Derby earned the rank of detective in 1978. None of the collective bargaining agreements ("CBA") between City and the Boston Police Patrolman's Association ("BPPA") or the Boston Police Detectives Benevolent Society ("BPDBS")[1] provide for indemnification. (Attached hereto as Ex. A is the CBA with BPPA for 1979-1981; attached hereto as Ex. B is the CBA[2] with BPPA for 1982-1984; attached hereto as Ex. C is the CBA with the BPPA for 1984-1987; attached hereto as Ex. D is the CBA with the BPDBS for 1984-1987; attached hereto as Ex. E is the CBA with the BPPA for 1987-1990; and attached hereto as Ex. F is the CBA with the BPDBS for 1987-1990.)

## III.   ARGUMENT

### A. Standard of Review

#### 1.  Fed. R. Civ. P. 12(b)(1)

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). "The court must satisfy itself that it has subject-matter jurisdiction before the merits of this case can be decided." Janssen Biotech, Inc. v.

---

[1] Prior to forming a separate union, detectives were governed by the BPPA CBA.
[2] Some of the CBAs extend the prior CBA with certain modifications. See e.g. Exs. B and C.

Celltrion Healthcare Co., No. 17-11008-MLW, 2017 WL 4927666, at *3 (D. Mass. Oct. 31, 2017).  Unlike a Motion to Dismiss pursuant to Rule 12(b)(6), "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Torres–Negron v. J & N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007).  "[A]t the pleading stage, the plaintiff bears the burden of establishing sufficient factual matter to plausibly demonstrate his standing to bring the action. Neither conclusory assertions nor unfounded speculation can supply the necessary heft." Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016).  As discussed below, Plaintiff lacks standing to bring his claim against the City.

## 2.  Fed. R. Civ. P. 12(b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied." Aly v. Mohegan Council-Boy Scouts of Am., No. CIVA 08-40099-FDS, 2009 WL 3299951, at *1 (D. Mass. Apr. 20, 2009) (citing Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)).   A "motion to dismiss for improper service of process under Fed. R. Civ. P. 12(b)(5) challenges the 'mode of delivery'." Connolly v. Shaw's Supermarkets, Inc., 355 F. Supp. 3d 9, 14 (D. Mass. 2018).  "[O]nce challenged, plaintiffs have the burden of proving proper service." Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).  As discussed below, the City has not issued a liability bond or insurance policy and therefore, Plaintiff has not properly effectuated service.

## 3.  Fed. R. Civ. P. 12(b)(6)

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  However, this tenet does not apply to legal conclusions.  See Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  See id. (Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 545 (citations omitted).  A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory."  Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).  "Although pleading standards are minimal, the First Circuit requires more than conclusions or subjective characterizations."  Columbus v. Biggio, 76 F. Supp. 2d 43, 52 (D. Mass. 1999) (citations and quotations omitted).  A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement."  Twombly, 550 U.S. at 557 (quotations omitted).  "Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions,

periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation."  Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).  As discussed below, Plaintiff's claims against the City should be dismissed for failing to meet the Twombly pleading requirement because his claims are time-barred.

### A.  Plaintiff's Claims Are Time-Barred.

It is well trod upon that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement" or "challenge his underlying conviction and sentence on federal constitutional grounds."  Preiser v. Rodriguez, 411 U.S. 475 (1973); Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997).  The Supreme Court contoured this principle in Heck, where a state prisoner brought a §1983 action for monetary damages, challenging the conduct of state officials who, the prisoner claimed, unconstitutionally caused his conviction by improperly investigating his crime and destroying evidence.  Heck, 512 U.S. at 479. Heck alleged that the police officer "knowingly destroyed" evidence "which was exculpatory in nature and could have proved his innocence."  Id.  The district court found that, although Heck was not explicitly requesting that his conviction be vacated, he was nonetheless implying the invalidity of his conviction by asserting that he would not have been convicted had the police officer not violated his constitutional rights.  See Heck v. Humphrey, 997 F.2d 355, 357 (7th Cir. 1993).  On appeal, the Supreme Court affirmed the lower court's findings and pointed to "the hoary principle that civil tort actions are not appropriate vehicles for challenging

the validity of outstanding criminal judgments" and held that where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," the action will not lie "unless…the conviction or sentence has already been invalidated." Id. at 487.  The Heck court found that the foundation for plaintiff's allegation—that the officer destroyed exculpatory evidence—challenged the validity of his conviction and, since his conviction had not been invalidated, he did not have a cognizable claim under §1983.  Heck, 512 U.S. at 478.  Thus, in light of Heck, in a § 1983 suit, the district court must consider two questions: first, whether plaintiff's §1983 suit necessarily implies the invalidity of his conviction and second, if so, whether plaintiff's conviction has somehow been "reversed … expunged … declared invalid … or called into question by … [the] issuance of a writ of habeas corpus." Id.; see  McDonough v. Smith, 139 S. Ct. 2149, 2158 (2019)("Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of Heck, will the statute of limitations begin to run.") (Internal citation omitted).  "The Heck rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been … invalidated, that is to say, an outstanding criminal judgment. It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." Wallace v. Kato, 549 U.S. 384, 393 (2007) (Internal quotations omitted).

A Massachusetts Superior Court judge granted Plaintiff's motion for a new trial on April 10, 2017, which the SJC affirmed on July 21, 2017. Plaintiff filed his

lawsuit on August 3, 2020, more than three years after the accrual of his claim and, therefore, his claim is time-barred. See Nieves v. McSweeney, 241 F.3d 46, 52 (1st Cir. 2001) (three-year statute of limitations applies to false arrest and malicious prosecution.); Wade v. Brady, 460 F. Supp. 2d 226, 233 (D. Mass. 2006) (three-year statute of limitations applies to Section 1983 claim of withholding evidence). Undoubtedly Plaintiff will argue the claim arose when the Commonwealth filed a *nolle prosequi*, but that Supreme Court has expressly rejected that argument. See Wallace v. Kato, 549 U.S. at 384–85. ("Petitioner's contention that Heck compels the conclusion that his suit could not accrue until the State dropped its charges against him is rejected.")  The Court in Kato added that "What petitioner seeks is the adoption of a principle going well beyond Heck: that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a speculative rule is obvious." Id. At 385 (original emphasis).  Because Plaintiff failed to timely file his Complaint, all of his claims are time-barred.

### A.  Plaintiff Has No Right To Statutory Indemnification.

This Court has already determined that, as a matter of law, that M.G.L c. 258, § 9 does not require the City to indemnify either Officer Derby or Officer Walsh.  Plaintiff now seeks the same result by contenting that the City has issued a policy of insurance or liability bond from which he can seek to collect.

### B.  M.G.L. c. 190, § 3-803 Does Not Apply to The City of Boston.

As the Court noted in its order denying Plaintiff's motion to serve deceased

defendants (ECF No. 86), M.G.L. c. 190, § 3-803(d)(2) provides in pertinent part:

> an action for personal injury or death, if commenced more than 1 year
> after the date of death of the decedent, brought against the personal
> representative; provided further, that the action is commenced not
> later than 3 years after the cause of action accrues; and provided
> further, that a judgment recovered in that action shall only be satisfied
> from the proceeds of a policy of liability bond or liability insurance, if
> any, and not from the general assets of the estate; and provided
> further, that if a personal representative has not been appointed, then
> an action otherwise allowed pursuant to this chapter may be
> maintained without such appointment, and shall be maintained
> naming the decedent as the defendant; and provided further, that in
> that event any service of process that may be necessary shall be made
> upon the entity providing the insurance or bond.

As a preliminary matter, it is Plaintiff's burden to establish that Officer Derby is

deceased and that there is no estate.  See Rosario v. Waterhouse, No. 1:19-CV-

10532-LTS, 2019 WL 4765082, at *4 (D. Mass. Sept. 27, 2019) ("the Court is unable

to determine, on the record before it, that personal representatives or estates for the

remaining Deceased Defendants do not exist.").  Even if Plaintiff is able to establish

the elements of § 3-803, he cannot establish that the City has issued a policy of

insurance or a liability bond or that Plaintiff has standing to enforce a CBA.

## C. The Collective Bargaining Agreements Do Not Provide Indemnification.

Officer Derby retired from the Boston Police Department on February,1990.

None of the CBAs reference any right to indemnification.  Even if the CBAs

referenced M.G.L. c. 258, § 9, which they do not, it would not create an obligation to

indemnify.  See Williams v. City of Brockton, CIV.A. 12-10430-JGD, 2013 WL

254778, at *8; City of Bos. v. Bos. Police Patrolmen's Ass'n, Inc., 48 Mass. App. Ct. 74, 75 (1999).

### D.  Plaintiff Does Not Have Standing to Enforce a CBA.

A "plaintiff must have standing to bring each and every claim that she asserts." Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012) (citing Pagán v. Calderón, 448 F.3d 16, 26 (1st Cir.2006)). As a preliminary matter, Plaintiff's Complaint does not allege that he is a beneficiary to the CBAs or otherwise allege a third-party beneficiary claim.  Even if they did, "[u]nder Massachusetts law, a plaintiff seeking to enforce a contract as a third-party beneficiary must demonstrate from the language and circumstances of the contract that the parties to the contract clearly and definitely intended the beneficiaries to benefit from the promised performance." Alicea v. Machete Music, 744 F.3d 773, 784 (1st Cir. 2014) (citing Miller v. Mooney, 431 Mass. 57, (2000)).  There are no facts offered to establish that Plaintiff was an intended beneficiary of the CBAs.

In the Commonwealth, an individual employee has no standing to seek enforcement of the terms of a collective bargaining agreement.  See Kessler v. Cambridge Health All., 62 Mass. App. Ct. 589, 593, 818 (2004) ("Count I of the complaint was properly dismissed for the reason that Kessler lacked standing to bring it and also because he failed to exhaust the remedies provided through the collective bargaining agreement's grievance and arbitration provisions") (citing Balsavich v. Local 170, Intl. Bhd. of Teamsters, 371 Mass. 283, 286 (1976); Miller v. Board of Regents of Higher Educ., 405 Mass. 475, 477 (1989) ("As a member of the

10

bargaining unit, [plaintiff] may not work the grievance machinery or maintain a judicial proceeding on her own.); Pattison v. Labor Relations Commn., 30 Mass.App.Ct. 9, 23 (1991); School Comm. of Boston v. United Steelworkers of America, Local 8751, AFL–CIO, CLC, 29 Mass.App.Ct. 53, 54 (1990)); see also Peabody Fedn. Of Teachers, Local 1289 v. School Comm. Of Peabody, 28 Mass.App.Ct 410, 414 (1990); DeCotis v. Town of Wrentham, 87 Mass.App.Ct. 1102 (2015). The "parties to a collective bargaining agreement [are] a labor organization or organizations and an employer or employers. Miller v. Bd. of Regents of Higher Educ., 405 Mass. at 480 (alteration to original). As a result, Plaintiff cannot be granted relief that exceeds the rights of Officer Derby. Put simply, any rights afforded by the collective bargaining agreement are for the union to enforce; Officer Derby has no direct claim against the City as a result of the CBAs. If an employee believes that his or her union failed to properly enforce his or rights under a collective bargaining agreement, the employee has a right to bring a duty of fair representation claim against the union and that claim would first need to be brought before the Commonwealth Employment Relations Board.[3] See Leahy v. Local 1526, Am. Fed'n of State, Cty. & Mun. Employees, 399 Mass. 341, 349 (1987) ("As a matter of promoting proper relationships between the courts and administrative agencies, strong policies support the primary jurisdiction of the commission over cases involving the duty of fair representation."); see generally Anderson v. Com. Employment Relations Bd., 73 Mass. App. Ct. 908, 908–09 (2009).

---

[3] Formally known as the Labor Relations Board.

If the individual officers lack standing, which they would, certainly Plaintiff does as well.  Moreover, the interpretation of the CBAs are to be determined by an arbitrator.  See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 411 (1988) ("Today's decision should make clear that interpretation of collective-bargaining agreements remains firmly in the arbitral realm;  judges can determine questions of state law involving labor-management relations only if such questions do not require construing collective-bargaining agreements.").  The CBAs require that "any dispute concerning the interpretation, application, or enforcement" of the CBA be submitted to an arbitrator. (Ex. A at p. 8, Art. VI.)  Because Plaintiff has no legal standing to assert a claim under the CBAs nor is he permitted to circumvent the arbitration requirements contained within the CBAs, his claim against the City under the CBA must be dismissed.

V.    **CONCLUSION**

For the foregoing reasons, the City of Boston respectfully requests that this Honorable Court dismiss Officer Derby from the action as Plaintiff's claims are time barred or, in the alternative, determine that Plaintiff has not served Officer Derby by leaving a copy of the Summons and Amended Complaint with the City Clerk as the City is not a liability bond or insurance policy pursuant to M.G.L. c. 190, § 3-803 and the City remains a non-party to the action.

Date:  July 9, 2021                                     Respectfully submitted,

                                                        CITY OF BOSTON,

                                                        By its attorneys:

                                                        HENRY C. LUTHIN
                                                        Corporation Counsel

                                                        /s/ Nieve Anjomi
                                                        Nicole M. O'Connor (BBO#675535)
                                                        Nieve Anjomi (BBO#651212)
                                                        Senior Assistants Corporation Counsel
                                                        City of Boston Law Department
                                                        City Hall, Room 615
                                                        Boston, MA  02201
                                                        (617) 635-4034
                                                        nicole.oconnor@boston.gov
                                                        nieve.anjomi@boston.gov


                               Certificate of Service

        I, Nieve Anjomi, hereby certify that on July 9, 2021, a true copy of the above
document will be served upon all parties of record via this court's electronic filing
system and to those non-registered participants via first class mail.

                                            /s/ Nieve Anjomi
                                            Nieve Anjomi