IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FREDERICK WEICHEL,

    Plaintiff,

        v.

TOWN OF BRAINTREE, *et al.*

    Defendants.

Case No. 20-CV-11456-IT

**ESTATE OF EDWARD WALSH'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## I.    INTRODUCTION

Now comes the Defendant, the Estate of Edward Walsh (the "Estate"), and hereby respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the First Amended Complaint (ECF No. 93) against the Estate. As grounds, the Estate states that: (1) Plaintiff's claims are time-barred; (2) Plaintiff has failed to sufficiently plead a claim against Edward Walsh ("Officer Walsh"); and (3) two of Plaintiff's claims are barred by the doctrine of qualified immunity.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2020, Plaintiff filed a six-count complaint against 11 named defendants, including two former Boston Police Officers – Officer Walsh and Walter Derby ("Officer Derby"). In short, Plaintiff contends that he "was wrongly accused and convicted of the 1980 murder of Robert LaMonica." Plaintiff spent 36 years in

prison. Plaintiff contends that "confidential informants told Defendants Walsh and/or Derby that Plaintiff was involved." Plaintiff further contends that Officers Walsh shared that information with defendant Robert Wilson. Plaintiff also makes the conclusory allegation that Officer Walsh suppressed evidence. From that limited alleged conduct, Plaintiff seeks to hold Officer Walsh responsible for his incarceration.

### III.   ARGUMENT

#### A. Standard Of Review

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). However, this tenet does not apply to legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. See id. (Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (citations omitted). A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element

necessary to sustain recovery under some actionable legal theory." Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). "Although pleading standards are minimal, the First Circuit requires more than conclusions or subjective characterizations." Columbus v. Biggio, 76 F. Supp. 2d 43, 52 (D. Mass. 1999) (citations and quotations omitted). A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." Twombly, 550 U.S. at 557 (quotations omitted). "Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). As discussed below, Plaintiff's claims against the Estate should be dismissed for failing to meet the Twombly pleading requirement.

**B. Plaintiff's Claims Are Time-Barred.**

It is well trod upon that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement" or "challenge his underlying conviction and sentence on federal constitutional grounds." Preiser v. Rodriguez, 411 U.S. 475 (1973); Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997). The Supreme Court contoured this principle in Heck, where a state prisoner brought a § 1983 action for monetary damages, challenging the conduct of state officials who, the prisoner claimed, unconstitutionally caused his conviction by improperly investigating his crime and destroying evidence. Heck, 512 U.S. at 479.

3

Heck alleged that the police officer "knowingly destroyed" evidence "which was exculpatory in nature and could have proved his innocence." Id. The district court found that, although Heck was not explicitly requesting that his conviction be vacated, he was nonetheless implying the invalidity of his conviction by asserting that he would not have been convicted had the police officer not violated his constitutional rights. See Heck v. Humphrey, 997 F.2d 355, 357 (7th Cir. 1993). On appeal, the Supreme Court affirmed the lower court's findings and pointed to "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" and held that where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," the action will not lie "unless…the conviction or sentence has already been invalidated." Id. at 487. The Heck court found that the foundation for plaintiff's allegation—that the officer destroyed exculpatory evidence—challenged the validity of his conviction and, since his conviction had not been invalidated, he did not have a cognizable claim under § 1983. Heck, 512 U.S. at 478. Thus, in light of Heck, in a § 1983 suit, the district court must consider two questions: first, whether plaintiff's § 1983 suit necessarily implies the invalidity of his conviction and second, if so, whether plaintiff's conviction has somehow been "reversed … expunged … declared invalid … or called into question…." Id.; see McDonough v. Smith, 139 S. Ct. 2149, 2158 (2019) ("Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of Heck, will the statute of limitations begin to run.") (Internal citation

omitted).  "The Heck rule for deferred accrual is called into play *only* when there exists a conviction or sentence that has not been ... invalidated, that is to say, an outstanding criminal judgment. It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn. Wallace v. Kato, 549 U.S. 384, 393 (2007) (Internal quotations omitted) (emphasis added).

A Massachusetts Superior Court judge granted Plaintiff's motion for a new trial on April 10, 2017, which the SJC affirmed on July 21, 2017. Plaintiff filed his lawsuit on August 3, 2020, more than three years after the accrual of his claim and, therefore, his claim is time-barred.  See Nieves v. McSweeney, 241 F.3d 46, 52 (1st Cir. 2001) (three-year statute of limitations applies to false arrest and malicious prosecution.); Wade v. Brady, 460 F. Supp. 2d 226, 233 (D. Mass. 2006) (three-year statute of limitations applies to Section 1983 claim of withholding evidence). Undoubtedly, Plaintiff will argue the claim arose when the Commonwealth filed a *nolle prosequi*, but the Supreme Court has expressly rejected that argument.  See Wallace v. Kato, 549 U.S. at 384–85. ("Petitioner's contention that Heck compels the conclusion that his suit could not accrue until the State dropped its charges against him is rejected.")  The Court in Kato added that "What petitioner seeks is the adoption of a principle going well beyond Heck*:* that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a speculative rule is obvious." Id. at 385 (original emphasis).  Because Plaintiff failed to timely file his Complaint, all

of his claims are time-barred.

## C. Plaintiff Has Not Sufficiently Pleaded A Violation Of 42 USC § 1983 For Fabricating Evidence Against Officer Walsh.

It is a due process violation for police officers to exclude exculpatory evidence and fabricate evidence to support a prosecution. See Limone v. Condon, 372 F.3d 39, 44–45 (1st Cir. 2004). As the First Circuit has held:

> [I]f any concept is fundamental to our American system of justice, it is that those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals for crimes they did not commit.... Actions taken in contravention of this prohibition necessarily violate due process (indeed, we are unsure what due process entails if not protection against deliberate framing under color of official sanction).

Id. at 44–45 (internal citation omitted). For a plaintiff to succeed on a claim of fabrication of evidence or failure to disclose evidence, the plaintiff must show that the officer acted intentionally or with reckless disregard for the truth. Burke v. Town of Walpole, 405 F.3d 66, 81 (1st Cir. 2005) (citing Forest v. Pawtucket Police Dep't, 377 F.3d 52, 58 (1st Cir. 2004), DeLoach v. Bevers, 922 F.2d 618, 622 (10th Cir. 1990)). See Toro v. Murphy, 2009 WL 5064575, at *3 (D.Mass. Dec. 17, 2009); Halsey v. Pfeiffer, 750 F.3d 273, 295 (3d Cir. 2014). Here, Plaintiff's allegation is, in essence, that Wilson created a report dated June 12, 1980 (the "Wilson Report"). Plaintiff further claims that in the Wilson Report there is a reference to confidential informants having told Officer Walsh (and/or Derby) that Plaintiff was involved in the shooting and that either: Wilson or Officers Walsh and/or Derby were not honest concerning the confidential informants. The allegations are insufficient to establish

that Officer Walsh acted intentionally or with reckless disregard for the truth. Furthermore, there are no allegations that tie the information provided in the Wilson Report to Plaintiff's arrest or detention. Accordingly, Plaintiff's due process claim against Officer Walsh should be dismissed.

### D. Plaintiff Has Not Sufficiently Pleaded A Violation Of 42 USC § 1983 For Malicious Prosecution Against Officer Walsh.

"To prevail on a claim for malicious prosecution, the plaintiff must show that defendants instituted criminal proceedings against him, with malice and without probable cause, and that the proceedings terminated in his favor." Goddard v. Kelley, 629 F. Supp. 2d 115, 130 (D.Mass. 2009) (citing Foley v. Polaroid Corp., 400 Mass. 82, 100, (1987); Santiago v. Fenton, 891 F.2d 373, 387 (1st Cir.1989)). "The act of malicious prosecution begins with the submission, under oath, of a criminal complaint." Goddard, 629 F. Supp. 2d at 130. "[A] person need not swear out a criminal complaint in order to be held answerable for malicious prosecution." Id. (Citing Correllas v. Viveiros, 410 Mass. 314, 318 (1991)).  There is no allegation that Officer Walsh instituted criminal proceedings against the Plaintiff or was otherwise involved in the institution of proceedings against Plaintiff.  Because Officer Walsh was not involved in the prosecution of the Plaintiff, he has failed to state a claim for malicious prosecution.

### E. Plaintiff Has Not Sufficiently Pleaded A Violation Of 42 USC § 1983 For Conspiracy Against Officer Walsh.

A civil rights conspiracy is "a combination of two or more persons acting in

concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." Earle v. Benoit, 850 F.2d 836, 844 (1st Cir.1988); see Estate of Bennett v. Wainwright, 548 F.3d 155, 178 (1st Cir. 2008). "It goes without saying that, in order to establish a conspiracy, plaintiff must allege sufficient facts that the defendant […] agreed with others, tacitly or otherwise, to violate plaintiff's civil rights." Burke v. Town of Walpole, No. CIV.A. 00-10376-GAO, 2003 WL 23327539, at *9 (D. Mass. Aug. 5, 2003). "In an effort to control frivolous conspiracy suits under § 1983, federal courts have come to insist that the complaint state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy." Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977). "It has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts." Id. A "claim of conspiracy to deprive a plaintiff of civil rights will not survive a motion to dismiss if it makes conclusory allegations without making supporting factual assertions." Diaz v. Devlin, 229 F. Supp. 3d 101, 111 (D. Mass. 2017); see Sheldon v. Worcester Police Dep't, No. CIV.A. 11-40082-TSH, 2013 WL 1332173, at *4 (D. Mass. Mar. 28, 2013) ("To present an adequate conspiracy claim, there must be support for those claims with factual allegations or references to material facts."). "Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden." Burke v. Town of Walpole, No.

8

CIV.A. 00-10376-GAO, 2003 WL 23327539, at *9 (D. Mass. Aug. 5, 2003); Lu v. Niles, No. CIV.A.16-12220-FDS, 2017 WL 3027251, at *5 (D. Mass. July 17, 2017) ("[T]he allegation that [the defendants] formed a pact to exclude plaintiff from the shelter, standing on its own, is too conclusory to support a claim for a civil rights conspiracy") (Alteration to original). "Where the claim is brought pursuant to Section 1983 for violation of the plaintiff's civil rights, the plaintiff must also show that the conspiracy resulted in 'an actual abridgement of some federally-secured right.'" Diaz v. Devlin, 229 F. Supp. 3d at 111 (quoting Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001)).

Plaintiff's conspiracy claim against Officer Walsh fails because Plaintiff has not pleaded facts to suggest that Officer Walsh took steps in furtherance of the conspiracy. See Sheldon v. Worcester Police Dep't, No. CIV.A. 11-40082-TSH, 2013 WL 1332173, at *4 (D. Mass. Mar. 28, 2013) ("To present an adequate conspiracy claim, there must be support for those claims with factual allegations or references to material facts."); Howe v. Town of N. Andover, 784 F. Supp. 2d 24, 30 (D. Mass. 2011) ("although the Complaint contains conclusory allegations of conspiracy with respect to the defendants, it fails to support those claims with references to material facts or with any factual allegations with respect to defendant Delaney. Thus, Count IV will be dismissed in its entirety with respect to defendant Delaney."); Gallagher v. Commonwealth of Massachusetts, No. CIV.A. 00-11859-RWZ, 2002 WL 924243, at *2 (D. Mass. Mar. 11, 2002) ("in order to survive a motion to dismiss, the plaintiff must allege 'with specificity' facts establishing a conspiracy. Conclusory

9

allegations of a conspiracy, without supporting material facts, will not suffice."). All of the allegations relating to the conspiracy are threadbare conclusory statements; Plaintiff has not identified one action taken by Officer Walsh that would suggest that he was involved in a conspiracy. Accordingly, the conspiracy claim, as to Officer Walsh, should be dismissed.

### F. Plaintiff Has Not Sufficiently Pleaded A Violation Of 42 USC § 1983 For Failure To Intervene Against Officer Walsh.

In "the First Circuit, it remains uncertain whether an officer has a duty to intervene in cases that do not concern excessive force." Echavarria v. Roach, No. 16-CV-11118-ADB, 2017 WL 3928270, at *11 (D. Mass. Sept. 7, 2017) (adding "Defendants are correct that First Circuit cases have primarily, if not exclusively, concerned allegations of failure to intervene in the excessive force context."). Even if Plaintiff's failure to intervene claim was permitted, it would require elements which Plaintiff has not pleaded against Officer Walsh.

A failure to intervene claim requires that the police officer have knowledge of the alleged Constitutional violation. See Davis v. Rennie, 264 F.3d 86, 98 (1st Cir. 2001) ("police officers have a duty to intervene when they see another officer use excessive force against a pretrial detainee."); Randall v. Prince George's Cty., 302 F.3d 188, 204 (4th Cir. 2002) ("[A]n officer may be liable under § 1983, on a theory of bystander liability, if [he or she]: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." (footnote omitted)); Yang v. Hardin, 37 F.3d 282,

285 (7th Cir. 1994) ("An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring").

In addition, a "'failure to intervene' [claim] applies only when an officer has 'a realistic opportunity to intercede.'" Farrah ex rel. Estate of Santana v. Gondella, 725 F. Supp. 2d 238, 246 (D. Mass. 2010) (quoting Davis v. Rennie, 264 F.3d 86, 98 n. 10 (1st Cir.2001)); Morris v. City of Worcester, No. CV 14-40164-DHH, 2015 WL 13229182, at *3 (D. Mass. Oct. 23, 2015); Walker v. Jackson, 952 F. Supp. 2d 343, 352 (D. Mass. 2013) ("the officer must have a 'realistic opportunity' to intervene."). The Amended Complaint contains no non-conclusory allegations that Officer Walsh knew what conduct the Braintree Police and the State Police Officers were engaged in. In addition, Plaintiff does not allege facts what would suggest that Officer Walsh had a realistic opportunity to intervene. Accordingly, Plaintiff has not pleaded a failure to intervene claim against Officer Walsh.

### G. Plaintiff Has Not Sufficiently Pleaded Intentional Infliction Of Emotional Distress Against Officer Walsh.

In order to state "a claim of intentional infliction of emotional distress, the plaintiffs were required to show (1) that [defendant] intended, knew, or should have known that his conduct would cause emotional distress; (2) that the conduct was

11

extreme and outrageous; (3) that the conduct caused emotional distress; and (4) that the emotional distress was severe." Polay v. McMahon, 468 Mass. 379, 385 (2014); Sena v. Com., 417 Mass. 250, 263–64 (1994). Here, the only factual allegation concerning Officer Walsh is that "Defendant Wilson states that confidential informants told Defendants Walsh and/or Derby that Plaintiff was involved." There is no allegation that the defendants knew or should have known that their receipt of information would have caused Plaintiff emotional destress.

In order of the conduct to be "extreme and outrageous," it must be "'beyond all possible bounds of decency' and was 'utterly intolerable in a civilized community'" Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976) (quoting Restatement (Second) of Torts § 46 comment d (1965)); Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 240 (1st Cir. 2013) ("Extreme and outrageous conduct is behavior that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."). Plaintiff fails to satisfy the second prong as Officer Walsh's receipt of information from an informant – even if that information was inaccurate, could not be considered extreme and outrageous.

A plaintiff must also allege that the officers' acts caused the emotional distress or cause the acts that lead to the emotional distress. McGrath v. Town of Sandwich, 22 F. Supp. 3d 58, 70 (D. Mass. 2014) ("Ty has not alleged facts to support the conclusion that Officer Cabral caused him to suffer emotional distress solely by virtue of her false testimony. … Second, Ty has not alleged that the

12

statements caused his suspension."). There was no alleged interaction between Plaintiff and Officer Walsh. See e.g. McDonald v. City of Bos., 334 F. Supp. 3d 429, 442 (D. Mass. 2018) (dismissing IIED claim were officer had no interaction with the plaintiff prior to or in the course of her arrest). Instead the gravamen of Plaintiff's complaint lies with the conduct on Defendants Sprague, Wilson, and Leahy and their alleged failure to turn over the "Leahy Report" and the use of the John Foley's identification of the Plaintiff.

In addition, Plaintiff must allege that it was the fabrication of evidence that lead to plaintiff's arrest and detention without probable case. See Arias v. City of Everett, No. CV 19-10537-JGD, 2019 WL 6528894, at *14 (D. Mass. Dec. 4, 2019) ("The fabrication of evidence, causing plaintiff's arrest and detention without probable cause, along with withholding of exculpatory evidence, is sufficient to state a claim for intentional infliction of emotional distress."); Burke v. Town of Walpole, No. CIV.A. 00-10376-GAO, 2003 WL 23327539, at *6 (D. Mass. Aug. 5, 2003). Plaintiff alleges harm and alleges misconduct by Officer Walsh but there are no facts to suggest a causal connection between the Officer Walsh's receipt of information and Plaintiff's alleged harm; there is no allegation that the information provided to Officer Walsh was used by anyone, let alone to detain or prosecute the Plaintiff. Accordingly, Plaintiff's emotional distress claim, as to Officer Walsh should be dismissed.

## H. Officer Walsh Has Qualified Immunity As To Counts II (Malicious Prosecution) And III (Failure To Intervene).

"Government officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); see also Kelley v. LaForce, 288 F.3d 1, 6 (1st Cir. 2002) (qualified immunity available as defense to § 1983 civil liability claims). "The protection of qualified immunity applied regardless of whether the government official's error is a mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004)). This doctrine of qualified immunity protects such public officials so that they may act freely "without fear of retributive suit for damages except when they should have understood that particular conduct was unlawful." Limone v. Condon, 372 F.3d 39, 44 (1st Cir. 2004) (citations omitted). The qualified immunity determination is to be determined as soon as possible because "[t]he privilege is an immunity from suit rather than a mere defense in liability and, like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Saucier v. Katz, 533 U.S. 194, 200-201 (2001) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

To determine whether an official violated clearly established rights of which

a reasonable person would have known, the First Circuit follows "a two-prong analysis for determining whether defendants are entitled to qualified immunity, asking '(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation.'" Diaz-Bigio v. Santini, 652 F.3d 45, 50 (1st Cir. 2011) (quoting Pearson, 129 S. Ct. at 811). "The second prong, in turn, has two parts: (a) whether the legal contours of the right in question were sufficiently clear that a reasonable official would have understood that what he was doing violated that right, and (b) whether the particular factual violation in question would have been clear to a reasonable official." Id. (Citing Decotiis v. Whittemore, 635 F.3d 22, 36 (1st Cir.2011). The "clearly established right must be defined with specificity." City of Escondido, Cal. v. Emmons, 139 S. Ct. 500, 503 (2019). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al–Kidd, 563 U.S. 731, 741 (2011). "In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law." White v. Pauly, 137 S. Ct. 548, 551 (2017) (internal quotations and citations omitted). Plaintiff cannot establish that a clearly established right to support his malicious prosecution or failure to intervene claims.

### 1. Qualified immunity applies to Plaintiff's malicious prosecution claim.

"The First Circuit has noted that, at least prior to 1994, the law was not clearly established that a claim based upon malicious prosecution, anchored (as

15

here) on the Fourth Amendment, could be asserted via § 1983." Schand v. City of Springfield, 380 F. Supp. 3d 106, 135 (D. Mass. 2019) (citing Albright v. Oliver, 510 U.S. 266, 274); see Hernandez-Cuevas v. Taylor, 723 F.3d 91, 98 (1st Cir. 2013). Prior to Albright in 1994, the majority of circuits held that the Fourth Amendment could not anchor a malicious prosecution claim. See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 99 (1st Cir. 2013). "Prior to the Hernandez-Cuevas decision, the First Circuit had described it as an open question whether the Constitution permits the assertion of a section 1983 claim for malicious prosecution on the basis of an alleged Fourth Amendment violation, and accordingly, held that such uncertainty in the legal landscape entitles state actors to qualified immunity." Echavarria v. Roach, No. 16-CV-11118-ADB, 2017 WL 3928270, at *8 (D. Mass. Sept. 7, 2017) (internal quotations and citations omitted). The allegations made by Plaintiff relate to conduct that occurred in the early 1980s. It would not have been clear to a reasonable official in the 1980s that their actions could give rise to a malicious prosecution claim pursuant to the Fourth Amendment. See Rodriguez-Mateo v. Fuentes-Agostini, 66 F. App'x 212, 214 (1st Cir. 2003); Williams v. City of Bos., No. 1:10-CV-10131, 2012 WL 5829124, at *10 (D. Mass. Sept. 21, 2012) ("in 2002, at the time of the events giving rise to Williams' claims, it was not clearly established that there was a constitutional right to remain free from malicious prosecution"); Sheppard v. Aloisi, 384 F. Supp. 2d 478, 491 (D. Mass. 2005) ("Given that the question whether malicious prosecution may result in a constitutional violation was "an open question" at the time of Sheppard's arrest in October 2000, the doctrine of

16

qualified immunity bars this claim brought under 42 U.S.C. § 1983."). Accordingly, Plaintiff's malicious prosecution claim was not clearly established and, therefore, Officer Walsh would be entitled to qualified immunity.

### 2. Qualified immunity applies to Plaintiff's failure to intervene claim.

Put simply, as of 2017, "it remains uncertain whether an officer has a duty to intervene in cases that do not concern excessive force." Echavarria v. Roach, No. 16-CV-11118-ADB, 2017 WL 3928270, at *11 (D. Mass. Sept. 7, 2017); see Walker v. Jackson, 952 F. Supp. 2d 343, 351 (D. Mass. 2013) ("this court cannot definitively conclude that a claim alleging a failure to intervene in an unreasonable search fails to state a constitutional violation."); Cosenza v. City of Worcester, Massachusetts, 355 F. Supp. 3d 81, 100–01 (D. Mass. 2019) "Defendants are correct that 'First Circuit cases have primarily, if not exclusively, concerned allegations of failure to intervene in the excessive force context.' … I find that Defendants are entitled to qualified immunity for their failure to intervene claim in a constitutional violation because that violation was not the excessive use of force") (alteration to original); Walker v. Jackson, 952 F. Supp. 2d 343, 352 (D. Mass. 2013) ("the court agrees that the defendants have qualified immunity as to" plaintiff's failure to intervene in an unreasonable residence search). Because the law on whether there was a duty to intervene in situations not involving excessive force was unsettled as of 2017, it was certainly uncertain in 1981. Assuming *arguendo* that Plaintiff has pleaded a violation of a constitutional right, he cannot demonstrate that the right was clearly

established.  Accordingly, Officer Walsh is entitled to qualified immunity and the failure to intervene claim.

V.   **CONCLUSION**

For the foregoing reasons, the Estate of Edward Walsh respectfully requests that this Honorable Court dismiss it from the action.

Date:  July 23, 2021                                  Respectfully submitted,

                                                                   Estate of Edward Walsh,

                                                                   By its attorneys:

                                                                   HENRY C. LUTHIN
                                                                   Corporation Counsel

                                                                   /s/ Nieve Anjomi
                                                                   Nicole M. O'Connor (BBO#675535)
                                                                   Nieve Anjomi (BBO#651212)
                                                                   Senior Assistant Corporation Counsel
                                                                   City of Boston Law Department
                                                                   City Hall, Room 615
                                                                   Boston, MA  02201
                                                                   (617) 635-4034
                                                                   nicole.oconnor@boston.gov
                                                                   nieve.anjomi@boston.gov


                                        Certificate of Service

I, Nieve Anjomi, hereby certify that on July 23, 2021, a true copy of the above document will be served upon all parties of record via this court's electronic filing system and to those non-registered participants via first class mail.

                                                      /s/ Nieve Anjomi
                                                      Nieve Anjomi