**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 20-cv-11456-IT**

**FREDERICK WEICHEL**
                **Plaintiff**

v.

**TOWN OF BRAINTREE ET AL.**

**Defendants.**

**ESTATE OF EDWARD WALSH'S MOTION,**
**AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT,**
**TO COMPEL RESPONSES TO INTERROGATORIES**

**I.    INTRODUCTION**

Now comes the Defendant, Estate of Edward Walsh (the "Estate"), who hereby moves, pursuant to Fed. R. Civ. P. 37(a), to strike Plaintiff Frederick Weichel's ("Plaintiff") existing responses to the Estate's Interrogatories – specifically, interrogatories 2 through 6 - and compel further responses.

On November 2, 2021, The Estate propounded its first set of interrogatories on the Plaintiff. (See Exhibit A.)  On November 29, 2021, Plaintiff served his responses to the interrogatories.  (See Exhibit B.) Plaintiff's responses fail to address the substance of the interrogatories, which are: (i) what did Edward Walsh do; and (ii) what is the basis for your factual assertions.  The Estate is requesting this Honorable Court to strike the conclusory incomplete responses and compel Plaintiff to respond to the Estate's interrogatories within 30 days.

1

## II.     BACKGROUND AND RELEVANT FACTS

As generally alleged in his Complaint, Plaintiff contends that he "was wrongly accused and convicted of the 1980 murder of Robert LaMonica." Plaintiff spent 36 years in prison. While the majority of Plaintiff's allegations relate to the Town of Braintree and several of its officers, Plaintiff claims that two former, and now deceased, Boston Police Officers, Edward Walsh ("Walsh") and/or Walter Derby ("Derby"), were informed by a confidential informant that Plaintiff was involved in LaMonica's murder. Plaintiff further contends that Walsh shared that information with co-defendant Robert Wilson. Plaintiff also makes the conclusory allegation that defendant Walsh suppressed evidence. Walsh passed away shortly after Plaintiff filed suit. Plaintiff has sued Walsh's Estate for Walsh's alleged actions. Plaintiff has asserted the following claims against the Estate: (i) 42 USC § 1983 for fabricating evidence; (ii) 42 USC § 1983 for malicious prosecution; (iii) 42 USC § 1983 for civil conspiracy; and (iv) intentional infliction of emotional distress.

The Estate propounded written discovery. As discussed with greater specificity below, the Estate's interrogatories asked Plaintiff to state the factual basis for his claims and, specifically, Walsh's involvement. The interrogatories also asked Plaintiff the foundational basis for his claim - whether his claim was supported by first-hand knowledge or based on information derived from another source. Instead of answering the Estate's interrogatories, Plaintiff responded with conclusory statements and refused to provide the basis for his conclusions.

2

## III.     LEGAL ARGUMENT

Fed. R. Civ. P. 26(b) provides:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Under Federal Rule 26(b)(1), a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Relevant information does not need to be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence."  Walker v. Wall, No. CA10-178S, 2010 WL 4137331, at *1 (D.R.I. Oct. 20, 2010), on reconsideration, No. C.A. 10-178 S, 2010 WL 4903825 (D.R.I. Nov. 24, 2010) (citations omitted).  "While it is difficult to formulate an exact rule regarding relevancy, the term should be construed liberally and with common sense. Discovery is allowed into any matter that may possibly lead to information relevant to the subject matter of the action." In re Amezaga, 195 B.R. 221, 225–26 (Bankr. D.P.R. 1996); see In re Subpoena to Witzel, 531 F.3d 113, 118 (1st Cir. 2008).

Fed. R. Civ. P. 33 provides in pertinent part: "an interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact

3

or the application of law to fact." (Alteration to original). Fed. R. Civ. P. 33 further states:

> (b)(2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
>
> (b)(3) *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
>
> (b)(4) *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

With respect to each of Plaintiff's claims, the Estate propounded interrogatories requesting that Plaintiff "state the factual basis" for his claim and to include "whether [Plaintiff has] first-hand knowledge of this information or whether [Plaintiff] received this information from another person and/or entity." In each of his answers, the Plaintiff provided a litany of boilerplate objections, followed by a conclusory response and has refused to answer the portion of the question related to whether Plaintiff has first-hand information related to his claims or the foundational basis for his assertions. Absent competent evidence to support his claims, Plaintiff's claims will be subject to dismissal on summary judgment. See e.g., Echavarria v. Roach, No. 16-CV-11118-ADB, 2021 WL 4480771 (D. Mass. Sept. 30, 2021).

Like the Plaintiff here, the plaintiff[1] in Echavarria, sued a municipality, and several former police officers, living and deceased, alleging a variety of civil rights violations stemming from a vacated murder conviction. In granting summary judgment in favor the of the defendants on most of the plaintiff's claims, the Court (Burroughs, U.S.D.J.) in Echavarria noted that "[m]erely being an officer on the scene or involved in the investigation is not sufficient to establish that the officer violated a constitutional right. At this stage of the litigation, mere conclusory allegations that 'all defendants' had a role in suppressing evidence are insufficient." Id. at 14. The Court noted the defendants' assertion that that plaintiff "never identified which documents were fabricated or falsified or put forth any proof connecting these defendants with the fabrication." Id. At 17 (adding "Plaintiff cannot survive summary judgment relying only on conclusory allegations and speculation that [the defendants] fabricated evidence."). Plaintiff's conclusory and unsupported answers to interrogatories are insufficient. Plaintiff must either acknowledge that he lacks evidence to support his claims or provide the foundational basis for his conclusions so that the Estate can conduct its own inquiry.

If the truthful response from Plaintiff is that he currently has no information to support his claims, he should respond accordingly and the Estate requests that

---

[1] Loevy and Loevy represents the Plaintiff in this case and the plaintiff in Echavarria.

Plaintiff's current responses be stricken and Plaintiff be ordered to provide complete non-conclusory responses within 30 days.

### Individual Interrogatory Answers

**Interrogatory No. 2:** Please state the factual basis for your belief in Paragraph 120 of your Amended Complaint that Walsh "fabricated the false reports to Defendant Wilson." Please include in your answer whether you have first-hand knowledge of this information or whether you received this information from another person and/or entity. If the latter, please identify the person and/or entity who provided this information to you and when they provided this information to you.

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before he has had time to complete discovery related to his claims. It is, therefore, premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012).[2] In addition, Plaintiff objects because information relevant

---

[2] Plaintiff's citation to Eveden, Inc. v. The Northern Assurance Company of America, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012) offers him no support as the case supports the proposition that contention interrogatories are proper. In Eveden, the plaintiff refused to answer contention interrogatories, arguing that they were "premature and could not be answered until the end of discovery." The defendant filed a motion to compel. The Court allowed the motion and, in dicta, discussed plaintiff's defense to the failure to answer the interrogatories. Id. at 1. Here, discovery has been ongoing since June 15, 2021. (See ECF 110.) In addition, prior to commencing his present lawsuit, Plaintiff's criminal defense attorneys engaged in discovery in gathering the evidence necessary to vacate Plaintiff's criminal conviction.

to this inquiry is principally in the possession, custody, or control of Defendants. In addition, Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges. Plaintiff further objects to this interrogatory because it includes only a portion of Paragraph 120, which misstates the nature of the alternative allegations that are expressly stated in that paragraph.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff responds that he has prepared an extensive complaint that describes in detail how Defendant Walsh may have caused the harm to Plaintiff as described in his Complaint, and references and incorporates the operative complaint herein.

Plaintiff further states that investigators to the LaMonica murder have provided testimony that Defendant Walsh told them within a day of the murder that Defendant Walsh had heard from reliable confidential informants that Plaintiff was involved in the LaMonica murder. Since Plaintiff did not have anything to do with the LaMonica murder any statements to the contrary are false. Defendant Walsh produced no known police report on the subject regarding when, how, where, from whom, or why he became privy to any purported confidential information report. The failure to produce a police report is evidence that the confidential informant report is false because there is no indicia of

reliability to support the report. Either Defendant Walsh made it up or other Defendants did. Paragraph 120 summarizes this allegation.

Investigation continues.

**Interrogatory No. 3**: Please state the factual basis for your belief in Paragraph 122 of your Amended Complaint that "Defendants Walsh and Derby, suppressed any evidence relating to information from the purported informants." Please include in your answer whether you have first-hand knowledge of this information or whether you received this information from another person and/or entity. If the latter, please identify the person and/or entity who provided this information to you and when they provided this information to you.

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before he has had time to complete discovery related to his claims. It is, therefore, premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). In addition, Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. In addition, Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

8

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff responds that he has prepared an extensive complaint that describes in detail how Defendant Walsh may have caused the harm to Plaintiff as described in his Complaint, and references and incorporates the operative complaint herein.

Plaintiff further states that investigators to the LaMonica murder have provided testimony that Defendant Walsh told them within a day of the murder that Defendants Derby and/or Walsh had heard from reliable confidential informants that Plaintiff was involved in the LaMonica murder. Since Plaintiff did not have anything to do with the LaMonica murder any statements to the contrary are false. Neither Defendants Walsh nor Derby produced any known police report on the subject regarding when, how, where, from whom, or why he became privy to any purported confidential information report. The failure to produce a police report is evidence that the confidential informant report is false because there is no indicia of reliability to support the report. Neither Defendant Walsh nor Derby ever disclosed that the confidential informant report was false. Therefore, they suppressed that evidence.

Investigation continues.

**Interrogatory No. 4:** Please state the factual basis for your belief in Paragraphs 220-229 of your Amended Complaint that Walsh maliciously prosecuted you. Please specify in your answer what involvement, specifically, Walsh had in your prosecution. Please include in your answer whether you have first-hand knowledge of this

9

information or whether you received this information from another person and/or entity. If the latter, please identify the person and/or entity who provided this information to you and when they provided this information to you.

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before he has had time to complete discovery related to his claims. In addition, Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. It is, therefore, premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). In addition, Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff incorporates his responses to Interrogatory Nos. 2 and 3 above.

Investigation continues.

**Interrogatory No. 5:** Please state the factual basis for your belief in Paragraphs 230-236 of your Amended Complaint that Walsh conspired to violate your rights. Please specify in your answer exactly what role Walsh had in the conspiracy, and who

10

else was involved in the conspiracy. Please include in your answer whether you have first-hand knowledge of this information or whether you received this information from another person and/or entity. If the latter, please identify the person and/or entity who provided this information to you and when they provided this information to you.

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before he has had time to complete discovery related to his claims. It is, therefore, premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). In addition, Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. In addition, Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff incorporates his responses to Interrogatory Nos. 2 and 3 above.

Investigation continues.

**Interrogatory No. 6:** Please state the basis for your belief in Paragraphs 237-242 of your Amended Complaint that Walsh failed to intervene to prevent violations of

11

your constitutional rights. Please specify in your answer what opportunities presented themselves, in your view, for Walsh to intervene. Please include in your answer whether you have first-hand knowledge of this information or whether you received this information from another person and/or entity. If the latter, please identify the person and/or entity who provided this information to you and when they provided this information to you.

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before he has had time to complete discovery related to his claims. It is, therefore, premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). In addition, Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. In addition, Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff incorporates his responses to Interrogatory Nos. 2 and 3 above.

Investigation continues.

## IV. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court strike Plaintiff's existing responses to interrogatory numbers 2 through 6 and order the Plaintiff to provide, within 30 days, complete answers to the Estate's interrogatory numbers 2 through 6 - including whether Plaintiff has first knowledge of his claims and, to the extent Plaintiff does not, who has the information upon which Plaintiff is relying on.

Dated: January 21, 2022

Respectfully submitted,

Defendant,
Estate of Edward Walsh

By its attorneys,

Adam Cederbaum
Corporation Counsel

*/s/ Nieve Anjomi*
Nieve Anjomi, BBO#651212
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4098
Nieve.Anjomi@boston.gov

## LOCAL RULE 37.1 CERTIFICATION

I hereby certify that on January 13, 2022, I spoke with Mark Loevy-Reyes, attorney for Plaintiff Frederick Weichel, by telephone pursuant to Local Rule 37.1 in an effort to narrow the issue raised here. The Parties were unable to narrow the issues.

January 21, 2022
Date

*/s/ Nieve Anjomi*
Nieve Anjomi

13

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and electronic copies will be sent to those indicated as non-registered participants on January 21, 2022.

| | |
|---|---|
| January 21, 2022 | */s/ Nieve Anjomi* |
| Date | Nieve Anjomi |