# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK WEICHEL, | ) | |
| | ) | Case No. 20-CV-11456-IT |
| Plaintiff, | ) | |
| | ) | Hon. Indira Talwani, |
| v. | ) | District Judge |
| | ) | |
| TOWN OF BRAINTREE, BRAINTREE | ) | Hon. M. Page Kelley, |
| POLICE CHIEF JOHN VINCENT | ) | Magistrate Judge |
| POLIO, BRAINTREE POLICE | ) | |
| OFFICERS JAMES LEAHY, ROBERT | ) | **JURY TRIAL DEMANDED** |
| WILSON, THEODORE BUKER, and | ) | |
| UNKNOWNBRAINTREE POLICE | ) | |
| OFFICERS, ESTATE OF BOSTON | ) | |
| POLICE OFFICER EDWARD WALSH, | ) | |
| BOSTON POLICE OFFICER WALTER | ) | |
| DERBY, and STATE POLICE OFFICERS | ) | |
| JOHN R. SPRAGUE and EDWARD | ) | |
| WHELAN, | ) | |
| Defendants. | | |

## PLAINTIFF'S RESPONSE TO DEFENDANT ESTATE OF EDWARD WALSH'S FIRST SET OF INTERROGATORIES

Plaintiff FREDERICK WEICHEL, by his undersigned attorneys, under Rule 33 of the Federal Rules of Civil Procedure, and corresponding local rules, responds to Defendant Estate of Edward Walsh's first Set of Interrogatories as follows:

## GENERAL OBJECTIONS

Plaintiff objects to each of the interrogatories below to the extent that they use vague and ambiguous terms that are undefined and to the extent that they are not limited temporally to the time frame relevant to this lawsuit. Plaintiff further objects to these interrogatories to the extent they seek information protected by the attorney-client, work-product, or other common law or statutory privileges. Plaintiff reserves his right to supplement these interrogatory responses as investigation continues.

Subject to and without waiving the foregoing objections and reservations, Plaintiff states as follows:

**Interrogatory No. 1:**

Please state your:

      a.  Full legal name;
      b.  Your date and place of birth; and
      c.  Your current residential address.

**ANSWER:** Plaintiff states that is full name is Frederick Weichel. His date and place of birth can be found in document(s) produced by the parties, including but not limited to Weichel 011214. Plaintiff objects to providing his current residential address because it is not relevant to any claims or defenses. For purposes of this matter, Plaintiff can be reached through his undersigned attorneys.

**Interrogatory No. 2:**

Please state the factual basis for your belief in Paragraph 120 of your Amended Complaint that Walsh "fabricated the false reports to Defendant Wilson." Please include in your answer whether you have first-hand knowledge of this information or whether you received this information from another person and/or entity. If the latter, please identify the person and/or entity who provided this information to you and when they provided this information to you.

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before he has had time to complete discovery related to his claims. It is, therefore, premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). In addition, Plaintiff objects because information relevant to this inquiry

is principally in the possession, custody, or control of Defendants. In addition, Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges. Plaintiff further objects to this interrogatory because it includes only a portion of Paragraph 120, which misstates the nature of the alternative allegations that are expressly stated in that paragraph.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff responds that he has prepared an extensive complaint that describes in detail how Defendant Walsh may have caused the harm to Plaintiff as described in his Complaint, and references and incorporates the operative complaint herein.

Plaintiff further states that investigators to the LaMonica murder have provided testimony that Defendant Walsh told them within a day of the murder that Defendant Walsh had heard from reliable confidential informants that Plaintiff was involved in the LaMonica murder. Since Plaintiff did not have anything to do with the LaMonica murder any statements to the contrary are false. Defendant Walsh produced no known police report on the subject regarding when, how, where, from whom, or why he became privy to any purported confidential information report. The failure to produce a police report

3

is evidence that the confidential informant report is false because there is no

indicia of reliability to support the report. Either Defendant Walsh made it up

or other Defendants did. Paragraph 120 summarizes this allegation.

Investigation continues.

**Interrogatory No. 3**:

Please state the factual basis for your belief in Paragraph 122 of your Amended
Complaint that "Defendants Walsh and Derby, suppressed any evidence relating to
information from the purported informants." Please include in your answer whether
you have first-hand knowledge of this information or whether you received this
information from another person and/or entity. If the latter, please identify the
person and/or entity who provided this information to you and when they provided
this information to you.

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before

he has had time to complete discovery related to his claims. It is, therefore,

premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance*

*Company of America*, No.  10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7,

2012). In addition, Plaintiff objects because information relevant to this inquiry

is principally in the possession, custody, or control of Defendants. In addition,

Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff

objects to this interrogatory to the extent that it calls for legal conclusions.

Plaintiff objects to this interrogatory because it seeks responses that may be

protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general

objections, above, Plaintiff responds that he has prepared an extensive

4

complaint that describes in detail how Defendant Walsh may have caused the harm to Plaintiff as described in his Complaint, and references and incorporates the operative complaint herein.

Plaintiff further states that investigators to the LaMonica murder have provided testimony that Defendant Walsh told them within a day of the murder that Defendants Derby and/or Walsh had heard from reliable confidential informants that Plaintiff was involved in the LaMonica murder. Since Plaintiff did not have anything to do with the LaMonica murder any statements to the contrary are false. Neither Defendants Walsh nor Derby produced any known police report on the subject regarding when, how, where, from whom, or why he became privy to any purported confidential information report. The failure to produce a police report is evidence that the confidential informant report is false because there is no indicia of reliability to support the report. Neither Defendant Walsh nor Derby ever disclosed that the confidential informant report was false. Therefore, they suppressed that evidence.

Investigation continues.

**Interrogatory No. 4:**

Please state the factual basis for your belief in Paragraphs 220-229 of your Amended Complaint that Walsh maliciously prosecuted you. Please specify in your answer what involvement, specifically, Walsh had in your prosecution. Please include in your answer whether you have first-hand knowledge of this information or whether you received this information from another person and/or entity. If the

latter, please identify the person and/or entity who provided this information to you and when they provided this information to you.

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before he has had time to complete discovery related to his claims. In addition, Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. It is, therefore, premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). In addition, Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff incorporates his responses to Interrogatory Nos. 2 and 3 above.

Investigation continues.

**<u>Interrogatory No. 5</u>:**

Please state the factual basis for your belief in Paragraphs 230-236 of your Amended Complaint that Walsh conspired to violate your rights. Please specify in your answer exactly what role Walsh had in the conspiracy, and who else was involved in the conspiracy. Please include in your answer whether you have first-hand knowledge of this information or whether you received this information from another person and/or entity. If the latter, please identify the person and/or entity

who provided this information to you and when they provided this information to you.

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before he has had time to complete discovery related to his claims. It is, therefore, premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). In addition, Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. In addition, Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff incorporates his responses to Interrogatory Nos. 2 and 3 above.

Investigation continues.

**Interrogatory No. 6:**

Please state the basis for your belief in Paragraphs 237-242 of your Amended Complaint that Walsh failed to intervene to prevent violations of your constitutional rights. Please specify in your answer what opportunities presented themselves, in your view, for Walsh to intervene.   Please include in your answer whether you have first-hand knowledge of this information or whether you received this information from another person and/or entity. If the latter, please identify the person and/or entity who provided this information to you and when they provided this information to you.

7

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before he has had time to complete discovery related to his claims. It is, therefore, premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). In addition, Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. In addition, Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff incorporates his responses to Interrogatory Nos. 2 and 3 above.

Investigation continues.

**Interrogatory No. 7:**

Please describe in full and complete detail any damages you claim, economic or otherwise, for the events described in your Amended Complaint, and the cause of these damages, and please also specify the dollar amount of any such damages.

**ANSWER:** Plaintiff objects to this interrogatory because the interrogatory is unduly burdensome in that there is no way he could categorize all of the damages that occurred to him as a result of his 36 plus years of being wrongfully imprisoned. Plaintiff objects to this interrogatory to the extent that

it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections above, Plaintiff responds that he has prepared an extensive complaint that describes in detail various damages suffered by Plaintiff and those allegations are incorporated herein. Plaintiff further states that Defendants' misconduct caused him serious permanent harm and damages. Plaintiff was in his twenties, in the prime of his life, at the time that he was wrongly arrested and convicted. He was arrested, prosecuted, and convicted for a crime he had no involvement in. He spent the next three decades and six years imprisoned for something he had not done. Plaintiff's whole life was turned upside down without any warning. A substantial portion of his adulthood has been consumed by the horror of his wrongful imprisonment. Because of Defendants' misconduct, Plaintiff has missed out on the lives of his family and friends. Plaintiff was also deprived of opportunities to engage in meaningful labor, to develop a career, and to pursue his interests and passions. Plaintiff was denied that ability to start his own family. Plaintiff has been deprived of all of the basic pleasures of human experience, which all free people enjoy as a matter of right, including the freedom to live one's life as an autonomous human being.

Instead, during his decades of wrongful imprisonment, Plaintiff was detained in harsh and dangerous conditions in maximum security prisons. He endured violence, daily indignities associated with his wrongful imprisonment. In addition, he developed various medical ailments and mistreatment as a direct result of his wrongful incarceration. These harms included mistreatment related to cancer, and physical injuries.

His unlawful arrest, prosecution, and imprisonment caused him to suffer from extreme trauma and/or mental health problems, which continue to this day.

In addition to the severe trauma of wrongful imprisonment and Plaintiff's loss of liberty, Defendants' misconduct continues to cause Plaintiff extreme physical and psychological pain and suffering, humiliation, constant fear, anxiety, deep depression, despair, rage, and other physical and psychological effects.

The pain and suffering Plaintiff endured as a result of all those years of wrongful confinement have had a lasting impact on Plaintiff. Plaintiff's mother died while he was incarcerated. Plaintiff had helped his mother before he was imprisoned, including helping care for two sisters with disabilities. The loss of Plaintiff's mother, knowing the tremendous pain and suffering caused to her by Plaintiff's wrongful incarceration damaged Plaintiff. In addition, Plaintiff was not able to attend her wake or funeral to grieve with his loved ones because of

his wrongful imprisonment. In addition, Plaintiff lost his aunt, father, and step-father and was unable to attend any of their wakes or funerals or to grieve with loved ones because he was unlawfully locked in a small cell due to Defendants' misconduct.

Plaintiff suffered harm by being unable to be involved in the lives of his family. Plaintiff missed birthday parties, graduations, milestones and routine accomplishments because of his wrongful imprisonment.

Plaintiff was also disconnected from his siblings as a result of his wrongful imprisonment. The 36 years of separation permanently impacted those relationships.

These losses of family relationships permanently damaged Plaintiff's ability to form lasting and trusting relationships. The losses also cause Plaintiff ongoing anxiety regarding the relationships that he has been able to form and/or repair.

For 36 years, Plaintiff was unable to live freely. He was deprived of the basic joy of being in nature—the inability to walk freely, exercise, and be among mountains, trees, rivers and oceans caused him harm. The inability to taste food that gave him joy for 35 years caused him additional harm.

The loss of relationships and the daily joys of a free life can never be regained by Plaintiff. He has suffered irreparable harm as a result of

11

Defendants' misconduct. Plaintiff cannot put the amount of that harm into dollars. Plaintiff will, however, ask a jury to make that calculation for him.

Investigation continues.

**Interrogatory No. 8:**

Please list and identify all persons whom you intend to call as an expert witness at trial, stating as to each such expert witness:

    a.  the substance of the facts and opinions to which each expert is expected to testify; and

    b.  a summary of the grounds for each opinion of each such expert.

**ANSWER:** Plaintiff objects to this request as premature and to the extent it exceeds the requirements of the Federal Rules of Civil Procedure and invades Plaintiff's work product. Plaintiff will make all pretrial disclosures required by Rule 26(a) as required by the Federal Rules of Civil Procedure and on the schedule set by the Court. Plaintiff's investigation into this matter continues, and he reserves the right to supplement this response as the litigation proceeds.

**Interrogatory No. 9:**

Please describe all schools and educational institutions you ever attended.

**ANSWER:** Plaintiff objects to this interrogatory because the interrogatory is unduly burdensome and harassing. Without waiving those objections, Plaintiff refers Defendant Walsh to documents previously produced as Weichel 024414-24719, specifically referencing Weichel 013477, 024438-24446.

Investigation continues.

**Interrogatory No. 10:**

Please provide the name, address, and telephone number of the confidential informant referred to in Paragraphs 120 and 122 of your Amended Complaint.

**ANSWER:** Plaintiff objects to this interrogatory because it is propounded before he has had time to complete discovery related to his claims. It is, therefore, premature for Plaintiff to respond. *See Eveden, Inc. v. The Northern Assurance Company of America*, No. 10–10061–GAO, 2012 WL 12345021(D. Mass. Feb. 7, 2012). In addition, Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. In addition, Plaintiff objects because the interrogatory is unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff incorporates his responses to Interrogatory Nos. 2 and 3 above. Unfortunately, because Defendants fabricated and/or failed to document the purported confidential informant report into a police report, nobody has been able to identify that purported informant.

Investigation continues.

**Interrogatory No. 11:**

If you are alleging that you suffered any physical or mental ailments, injuries, distress, or pains as a result of the allegations set forth in your Amended

Complaint, please describe the same fully, stating their nature, extent, and location, and stating the date and time when you first became aware of such ailments, injuries or pains and if they have since resolved, the date when this occurred. Please include in your answer a description of any and all treatment received for physical or mental ailments, injuries, distress or pains resulting from the allegations set forth in your Amended Complaint, including the names and addresses of any medical professionals or other individuals or entities that provided treatment.

**ANSWER:** Plaintiff objects to this interrogatory because the interrogatory is unduly burdensome in that there is no way he could categorize all of the damages that occurred to him as a result of his 36 plus years of being wrongfully imprisoned. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff incorporates his responses to Interrogatory No. 7 above.

Investigation continues.

**Interrogatory No. 12:**

Please describe in detail the "ongoing health effects" described in Paragraph 179 of your Complaint.

**ANSWER:** Plaintiff objects to this interrogatory because the interrogatory is unduly burdensome in that there is no way he could categorize all of the damages that occurred to him as a result of his 36 plus years of being

14

wrongfully imprisoned. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff incorporates his responses to Interrogatory No. 7 above.

Investigation continues.

**Interrogatory No. 13:**

Please list names, home addresses, business addresses and relationship to Plaintiff for all witnesses and/or persons having knowledge of the alleged facts set forth in your Amended Complaint, including a summary of each witness's and/or person's involvement and/or knowledge of the facts alleged in the Amended Complaint.

**ANSWER:** Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it is harassing and overly burdensome. Plaintiff objects to this request because it seeks information that is in the possession of other persons. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff refers Defendant Walsh to his disclosures under Federal Rule of Civil Procedure 26(a)(1) and (2).

15

Investigation continues.

**Interrogatory No. 14:**

Please indicate whether Plaintiff has ever been a plaintiff or defendant in any other civil lawsuits and, if so, indicate the state, county, case name, and docket number of any such other lawsuits.

**ANSWER:** Plaintiff objects to this interrogatory because it seeks information that is not relevant, harassing, and/or unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff states that he is a Plaintiff in Weichel v. Commonwealth of Massachusetts, C.A. No. 1883CV02078-A pending in the Suffolk County Superior Court, Boston, Massachusetts.

Investigation continues.

**Interrogatory No. 15:**

Other than the criminal conviction described in your Amended Complaint, please state whether you have ever been arrested or convicted of a crime. For each such arrest or conviction, identify:

a) the crime for which you were charged or convicted;
b) the state in which you were charged;
c) the court in which you were charged or convicted; and
d) the disposition of the charge, including without limitation whether you were sentenced, placed on probation, or fined.

**ANSWER:** Plaintiff objects to this interrogatory because it seeks information that is not relevant, harassing, and/or unduly burdensome. Plaintiff objects to this interrogatory to the extent that it calls for legal conclusions. Plaintiff objects to this interrogatory because it seeks responses that may be protected by the attorney work product and/or the attorney-client privileges.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff refers Defendant Walsh to documents previously produced as Weichel 0002105-07.

Investigation continues.

**<u>Interrogatory No. 16</u>:**
Please describe your employment history since high school. Please include in your answer the name, address, and telephone number of each employer.

**ANSWER:** Plaintiff objects to this interrogatory because it seeks information that is not relevant, harassing, and/or unduly burdensome.

Subject to and without waiving those objections and Plaintiff's general objections, above, Plaintiff refers Defendant Walsh to documents previously produced as Weichel 024414-24719, specifically referencing 024443-50, 024460-77, 024511-14.

Investigation continues.

17

RESPECTFULLY SUBMITTED,

**FREDERICK WEICHEL**

BY:  /s/ Mark Loevy-Reyes
*One of Plaintiff's Attorneys*

Attorneys for Plaintiff
Jon Loevy*
Debra Loevy, BBO No. 569212
Mark Loevy-Reyes, BBO No. 707974
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
*Admitted *pro hac vice*

18

## VERIFICATION

I, Fred Weichel, have reviewed the foregoing Responses to Defendant Walsh's First Set of Interrogatories and verify that the answers are true and correct to the best of my knowledge.

Date: 11-25-2021                    _Fred Weichel_
                                    Fred Weichel

## <u>CERTIFICATE OF SERVICE</u>

I, Mark Loevy-Reyes, an attorney, hereby certify that on November 29, 2021, I served the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT ESTATE OF EDWARD WALSH'S FIRST SET OF INTERROGATORIES by electronic mail on counsel of record for all Defendants.

<u>/s/ Mark Loevy-Reyes</u>
*One of Plaintiff's Attorneys*

20