UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK WEICHEL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:20-cv-11456-IT |
| | * |
| TOWN OF BRAINTREE, *et al.*, | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

February 18, 2022

TALWANI, D.J.

Plaintiff Frederick Weichel's Amended Complaint [Doc. No. 93] asserts claims against, *inter alia*, deceased former officers of the Braintree and Boston police departments. Now before the court are Motions to Dismiss [Doc. Nos. 99, 114] these claims by the Town of Braintree and non-party City of Boston.

**I.   Factual Background**

The factual background as alleged in the Amended Complaint [Doc No. 93] is set forth in detail in the court's Memorandum and Order [Doc. No. 128].

**II.   Procedural Background**

In August 2020, Weichel filed this action against Braintree and former Braintree police department officials, Chief John Polio, Captain Theodore Buker, Detective John Leahy, Detective Robert Wilson, and other unknown officers; Boston and former Boston police department officials, Detective Edward Walsh and Officer Walter Derby; and Massachusetts state police Investigator John Sprague and Trooper Edward Whelan. However, in the four decades since the events at issue, Polio, Buker, Derby, Wilson, and Walsh have passed away. Weichel filed a Motion to Allow Claims Against Deceased Defendants [Doc. No. 29], requesting

leave to proceed against the deceased defendants by serving process on Braintree and Boston, their former municipal employers, pursuant to Mass. Gen. Laws. ch. 190B, § 3-803(d). The court denied the motion without prejudice, concluding that no court order was needed to proceed under § 3-803(d), and directing Weichel that he could seek leave of court to file an amended complaint naming the decedents as required under the statute. Elec. Order [Doc. No. 86]. The court also granted Boston's Motion to Dismiss [Doc. No. 4] and Braintree's Motion to Dismiss Count VI [Doc. No. 41], which sought dismissal of Weichel's indemnification claim brought directly against the municipalities. Elec. Order [Doc. No. 85].

With leave of court, Weichel thereafter filed an Amended Complaint [Doc. No. 93]. As to the defendants who had died more than a year before the commencement of the action, Weichel served process on their former employers—Braintree for Polio, Buker, and Wilson, and Boston for Derby. Braintree, which has been named as a defendant based on allegations of municipal liability, and Boston, which is no longer a party, both move to dismiss the claims asserted against their deceased former employees. Mots. to Dismiss [Doc. Nos. 99, 114].

### III.  Standard of Review

In evaluating a motion to dismiss for failure to state a claim, this court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

556 U.S. 662, 663 (2009). Additionally, "an adequate complaint must include not only a plausible claim but also a plausible defendant." Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 594 (1st Cir. 2011). "[*E*]*ach* defendant's role . . . must be sufficiently alleged to make him or her a plausible defendant. After all, '[the court] must determine whether, *as to each defendant,* a plaintiff's pleadings are sufficient to state a claim on which relief can be granted.'" Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 16 (1st Cir. 2011) (quoting Sánchez v. Pereira–Castillo, 590 F.3d 31, 48 (1st Cir. 2009)) (emphasis in original).

"While most Rule 12(b)(6) motions are premised on a plaintiff's putative failure to state an actionable claim, such a motion may sometimes be premised on the inevitable success of an affirmative defense." Nisselson, 469 F.3d at 150. A court may allow a Rule 12(b)(6) motion based on an affirmative defense if "(i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." Id. (quoting Rodi v. S. New Engl. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004)).[1]

---

[1] Braintree and Boston also invoke Rules 12(b)(4) and 12(b)(5). Neither is applicable here. "Rule 12(b)(4) attacks the form of the process, that is, the content of the summons, whereas Rule 12(b)(5) challenges the mode of the delivery of the process, or the lack of delivery of the summons and the complaint." Taite v. Bridgewater State Univ., 236 F. Supp. 3d 466, 472 (D. Mass. 2017) (citing 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed. 2016)). Braintree and Boston's challenge in this matter is not to the form or mode of such process but to the fact that they were served at all. Accordingly, the court proceeds under Rule 12(b)(6).

## IV. Discussion

Application of § 3-803(d)(2) of the Massachusetts Uniform Probate Code[2] has resulted in the unusual posture of this case. The court construes that provision as follows. First, because the action is maintained by "naming the decedent as the defendant," the deceased officers—and not the municipalities purportedly providing the insurance or bond—are the defendants, even though the municipalities have been served with process. Second, because the action remains against the deceased officers and the provision does not impose a duty to defend on the municipalities, the municipalities may choose not to engage in this matter unless the deceased officers are found liable. In that event, however, the municipalities' defense would be limited to whether they have an obligation to satisfy the judgment; they could not challenge the underlying judgment. Finally, because the provision includes service of process rather than just notice, each municipality purportedly providing the insurance or bond has been summoned to court. Accordingly, they may at this time choose to defend as to the merits of the underlying claims against the deceased officers in addition to defending against the claim that they have an obligation to satisfy any judgment that may enter. Here, Braintree and Boston have sought to address both the merits of

---

[2] Section 3-803(d)(2) provides that the one-year statute of limitations otherwise applicable to actions against an estate or trust under Mass. Gen. Laws. ch. 190B, § 3-803 shall not limit

> an action for personal injury or death, if commenced more than 1 year after the date of death of the decedent, brought against the personal representative; provided further, that the action is commenced not later than 3 years after the cause of action accrues; and provided further, that a judgment recovered in that action shall only be satisfied from the proceeds of a policy of liability bond or liability insurance, if any, and not from the general assets of the estate; and provided further, that if a personal representative has not been appointed, then an action otherwise allowed pursuant to this chapter may be maintained without such appointment, and shall be maintained naming the decedent as the defendant; and provided further, that in that event any service of process that may be necessary shall be made upon the entity providing the insurance or bond.

the dispute and the question of any obligation to satisfy a potential judgment. The court addresses each in turn.

      A.    *Claims Against the Deceased Defendants*

The arguments raised by Braintree and Boston as to the merits of Weichel's claims have been previously addressed by the court. See Mem & Order [Doc. No. 88]; Mem. & Order [Doc. No. 128]. For the same reasons, to the extent that the pending motions seek dismissal based on the statute of limitations, they are denied, and to the extent that they seek dismissal based on qualified immunity, they are granted as to the claim for failure to intervene (Count IV) and otherwise denied.

      B.    *Claims as to the Municipalities' Obligation to Satisfy Any Judgment Against the Deceased Defendants*

Braintree and Boston both argue in their motions that they cannot be held liable for any judgment against the deceased officers. At this juncture, the court can address certain legal issues raised by the municipalities but not the factual disputes.

      1.    Legal Issues

First, to proceed under § 3-803(d)(2), a plaintiff's claims must be for personal injury. Weichel has met that requirement. "Massachusetts courts consistently embrace a broad understanding of personal injury claims," Rosario v. Waterhouse, 2019 WL 4765082, at *3 (D. Mass. Sept. 27, 2019) (collecting cases), and other courts in this district have concluded that section 1983 claims constitute action "in tort" for "damage" within the meaning of the Massachusetts survival statute, Mass. Gen. Laws ch. 228, § 1, see, e.g., Pomeroy v. Ashburnham Westminster Reg'l Sch. Dist., 410 F. Supp. 2d 7, 14 (D. Mass. 2006). Weichel's claim for intentional infliction of emotional distress likewise survives the officers' deaths. See Harrison v. Loyal Protective Life Ins. Co., 379 Mass. 212, 218, 396 N.E.2d 987 (1979) ("we conclude that

5

the tort of intentional infliction of emotional distress (whether with or without physical injury) survives the death either of the victim or the tortfeasor").

Second, Boston and Braintree argue that Weichel's claims are barred where the court has already concluded that Weichel lacks statutory standing to assert an indemnification claim against the municipalities. See Elec. Order [Doc. No. 85]. But the claims at issue are not claims for indemnification. Rather, they are claims against the deceased defendants. If Weichel is successful in prevailing on such claims, the issue will then be whether the municipalities would have had an obligation to satisfy such judgments if the defendants were not deceased.

Third, Boston and Braintree are correct that there is no obligation under Mass. Gen. Laws ch. 258, § 9, that requires them to satisfy any judgment recovered against the deceased officers. Section 9 provides in relevant part that

> [p]ublic employers may indemnify public employees . . . from personal financial loss, all damages and expenses, including legal fees and costs, if any, in an amount not to exceed $1,000,000 arising out of any claim, action, award, compromise, settlement or judgment by reason of an intentional tort, or by reason of any act or omission which constitutes a . . . violation of the civil rights of any person under any federal or state law, if such employee . . . at the time of such intentional tort or such act or omission was acting within the scope of his official duties or employment. No such employee or official . . . shall be indemnified under this section for violation of any civil rights if he acted in a grossly negligent, willful or malicious manner.

Id. § 9 (emphasis added). Section 9 accordingly provides "public employers with the *discretion* to indemnify public employees for financial loss and expenses arising from certain civil actions (intentional torts and civil rights violations)" if the conditions authorizing indemnification are satisfied. Triplett v. Town of Oxford, 439 Mass. 720, 726, 791 N.E.2d 310 (2003) (emphasis in original); see also Clickner v. City of Lowell, 422 Mass. 539, 542, 663 N.E.2d 852 (1996) (section 9 "provides for the permissive indemnification of public employees"); Pinshaw v. Metropolitan District Commission, 402 Mass. 687, 693 n.10, 524 N.E.2d 1351 (1988) ("Section

6

9, unlike § 9A [which addresses indemnification of state police employees], deals with permissive, not mandatory, indemnification of public employees"). Because indemnification under this statute is discretionary, Weichel cannot rely on this provision alone to require Boston or Braintree to satisfy any judgment against the deceased officers.[3]

Fourth, Boston argues that even if collective bargaining agreements existed that provide for indemnification, Weichel would have no mechanism by which to enforce them. But the question is not whether *Weichel* would be able to enforce them; rather, it is whether the *deceased officers* would have been able to claim indemnity under such agreements.[4]

    2.    Factual Disputes

Section 3-803(d)(2) requires that service of process may be "made upon the entity providing the insurance or bond" if no personal representative has been appointed for a decedent. Braintree argues that Weichel has failed to demonstrate that there is no personal representative for Detective Wilson's estate, and Boston argues the same regarding Officer Derby's.[5] Both municipalities argue that Weichel has failed to demonstrate that the municipalities would owe

---

[3] Braintree argues that it has no indemnification obligations under Mass. Gen. Laws ch. 258, § 13, which makes indemnification mandatory. However, there does not appear to be any dispute that neither municipality is bound by section 13.

[4] Boston also argues that Weichel lacks Article III standing to enforce a collective bargaining agreement. In making this argument, Boston appears to confuse statutory standing with Article III standing. Article III standing implicates the court's subject matter jurisdiction—i.e., whether the court can hear the case at all. See Katz v. Pershing, LLC, 672 F.3d 64, 75 (1st Cir. 2012). "By contrast, statutory standing goes to the merits of the claim." Id. Boston's motion does not appear to challenge Weichel's Article III standing, and where Weichel is not attempting, at this point, to enforce any judgment against the municipalities—only to pursue his claims against the deceased officers—nor is there any issue related to his statutory standing.

[5] Weichel has offered facts in support of his determinations regarding the personal representatives. See Ex. 7-Fuentes Aff. [Doc. No. 120-7]. This Affidavit is not properly considered on a motion to dismiss.

insurance or bond as to the deceased defendants, that any collective bargaining agreements exist to provide for such coverage, or that Weichel (or in the court's construct, the deceased officer) could enforce any such agreements. These questions are premature.

Weichel's Amended Complaint [Doc No. 93] does not, on its face, seek indemnification from Boston or Braintree for a judgment against the deceased officers. Accordingly, since Weichel has yet to seek such relief, the court declines to apply the Rule 12(b)(6) standard to address whether Weichel has stated sufficient facts to pursue this claim against Boston or Braintree. While Boston and Braintree seek resolution of the indemnification issue at this stage (presumably before they incur additional costs in defending the deceased officers), they have not filed a pleading (such as a third-party complaint for declaratory relief) placing the issue directly before the court. The court anticipates that if a complaint for declaratory relief were filed, the court would allow limited discovery as to these issues.

### V.     Conclusion

Accordingly, for the reasons set forth above and in the court's prior decisions, see Mem & Order [Doc. No. 88]; Mem. & Order [Doc. No. 128], Braintree's Motion to Dismiss Claims Against Deceased Defendants [Doc. No. 99] is GRANTED as to the claim against Wilson, Polio, and Buker for failure to intervene (Count IV) and DENIED as to all other claims, and Boston's Motion to Dismiss Claims Against Deceased Defendants [Doc. No. 114] is DENIED.

IT IS SO ORDERED.

February 18, 2022                               /s/ Indira Talwani
                                                United States District Judge