IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK WEICHEL, | ) | Case No. 20-CV-11456-IT |
| | ) | |
| Plaintiff, | ) | Hon. Indira Talwani, |
| | ) | District Judge |
| v. | ) | |
| | ) | Hon. M. Page Kelley, |
| TOWN OF BRAINTREE, *et al.*, | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT TOWN OF BRAINTREE'S COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Plaintiff, under Federal Rule of Civil Procedure 12, moves to dismiss Defendant Town of Braintree's Counterclaim for Declaratory Judgment (Dckt. No. 134) as follows:

**INTRODUCTION**

Defendant Town of Braintree, in answering Plaintiff's Amended Complaint, asserted a counterclaim asking for a declaratory judgment that it is not obligated as an insurer or bondholder to pay hypothetical judgments against its employees. Dckt. 134. This Counterclaim should be dismissed under the Court's discretion because it does not further the litigation here. Moreover, the Court lacks jurisdiction over the Counterclaim. First, it is not ripe for review because there is only a hypothetical judgment at issue. Second, Braintree lacks standing to bring a claim against Plaintiff because the issues raised involve circumstances between the

individual Defendants and the Town of Braintree, and not Plaintiff. Therefore, Defendant Town of Braintree's declaratory judgment action should be dismissed.

## BACKGROUND

Plaintiff brings claims under 42 U.S.C. § 1983 against various law enforcement officers stemming from their violation of his rights under the United States Constitution that brought about his wrongful conviction for the murder of Robert LaMonica in 1980. Dckt. 1, 93. Because Plaintiff had to endure over three decades of wrongful imprisonment before being exonerated, several Defendants died before this lawsuit could be brought.

As a result, Plaintiff asked the Court for leave to bring those Defendants into this case under Massachusetts law allowing for actions against deceased defendants within three years of the accrual of those claims so long as any Plaintiff would not seek to collect any judgment from the estates of the deceased, but instead on any holder of a bond or insurance. Dckt. 29. After the matter was fully briefed and argued by all interested parties (Dckt. 30, 36, 37, 40, 56, 71, 83-84), the Court denied Plaintiff's motion, but granted Plaintiff leave to file an amended complaint naming the deceased Defendants as parties and serving process on the entities that Plaintiff could possibly obtain payment from under obligations to pay such judgments—Defendant Town of Braintree and the City of Boston. Dckt. 86. Plaintiff did so. Dckt. 93.

Defendant Town of Braintree, in answering that amended complaint asserted a counterclaim asking for a declaratory judgment that it did not have any obligation as an insurer or bondholder. Dckt. 134.

## ARGUMENT

Braintree's Counterclaim must be dismissed. First, this Court should exercise its discretion to decline hearing the declaratory judgment action because it lacks any legitimate purpose. Second, the Counterclaim must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks jurisdiction: the declaratory judgment counterclaim is not ripe for review, and Braintree does not have standing to obtain a declaratory judgment against Plaintiff.

### A. The Court Should Exercise its Discretion and Decline to Consider the Declaratory Judgment Counterclaim

This Court has the discretion to decline to consider Braintree's Counterclaim. Litigants do not have an "absolute right" to declaratory relief. *Mueller Systems, LLC v. Robert Teti and Itet Corporation*, 199 F. Supp. 3d 270, 280 (D. Mass. 2016) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). To determine if a declaratory judgment action involves an actual controversy to be adjudicated, courts must examine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *In re Financial Oversight and Management Board for Puerto Rico*, 919 F.3d 638, 646 (1st Cir. 2019)

A justiciable declaratory judgment matter must involve "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937). Moreover, the controversy must be sufficiently immediate or real to warrant declaratory relief. *In re Financial Oversight Bd.*, 919 F. 3d at 646 (citations omitted). *Id*. In the absence of an actual controversy, federal courts cannot issue advisory opinions. *Id*.

Moreover, in cases involving parallel suits, a court has the discretion to deny considering the declaratory judgment request altogether. *Mueller Systems, LLC v. Robert Teti and Itet Corporation*, 199 F.Supp.3d 270, 280-81 (D. Mass 2016). Although *Mueller Systems* involved parallel foreign jurisdiction suits, its reasoning applies here. Under the reasoning in *Mueller Systems* to determine whether to entertain a declaratory judgment when there is a pending parallel suit, the Court considers the following five factors:

> (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved;
> (2) whether a judgment would finalize the controversy and offer relief from uncertainty;
> (3) whether the proposed remedy is being used merely for procedural fencing or a race to *res judicata*;
> (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and
> (5) whether there is a better or more effective remedy.

*Id.* (citations omitted). Although the fourth factor is not implicated here, the remaining factors support dismissing the declaratory judgment action as an unnecessary parallel action.

As stated further below, a declaratory judgment will serve little purpose (factor one) here in settling any legal issues beyond what the present litigation will accomplish. There is no present controversy about who would pay a hypothetical judgment. Moreover, as stated further below, the rights to be adjudicated are between Braintree and its employees, not between Braintree and Plaintiff.

Rather, the most effective remedy (factor five) is to allow the parties to litigate this case. After the litigation, if Plaintiff obtains a judgment, the Court could then address the issue of any obligation to pay that.

Nor would the proffered declaratory judgment action finalize the controversy (factor two). This Court has already entered an order on the subject, which has finalized the issue for the present litigation.

In short, no purpose is served by having a parallel declaratory judgment action. Plaintiff, therefore, asks that the Court exercise its discretion and dismiss the Counterclaim.

### B. This Court Lacks Jurisdiction to Consider Defendant Town of Braintree's Counterclaim

The Court lacks jurisdiction to consider Braintree's Counterclaim. Federal courts are courts of limited jurisdiction. *Destek Grp. v. State of N.H. Pub. Utils. Comm'n*, 318 F.3d 32, 38 (1st Cir. 2003). "[F]ederal jurisdiction is never presumed." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). The party seeking to bring a

claim has the burden to demonstrate federal jurisdiction. *Id.* (citations omitted). Claims for declaratory judgment are proper only if a claim involves a dispute that the Court has jurisdiction over. *Financial Oversight Board*, 919 F.3dat 645; *see also* 28 U.S.C. § 2201(a).

"The proper vehicle for challenging a court's subject-matter jurisdiction is under Federal Rule of Civil Procedure 12(b)(1). This rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001). Motions to dismiss under Rule 12(b)(1) share a similar standard as motions brought under Rule 12(b)(6). *See Negrón-Gaztambide v. Hernández-Torres*, 35 F.3d 25, 27 (1st Cir. 1994). When considering both types of motions, the Court credits the pleader's well-pleaded factual allegations and draws all reasonable inferences in the pleader's favor. *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (citations omitted). A party seeking relief must plead facts and causes of action fairly raised by these facts. *Snyder v. Collura*, 812 F.3d 46, 50 (1st Cir. 2016) (citations omitted); *see also* FED. R. CIV. P. 8. Under Rule 12(b)(1), a court shall grant a motion to dismiss if "accept[ing] plaintiff's version of jurisdictionally-significant facts as true," it deems that the pleader has failed to establish subject-matter jurisdiction. *Hosp. Bella Vista*, 254 F.3d at 363.

### a. The issues raised in the declaratory judgment Counterclaim are not ripe for adjudication.

Defendant Town of Braintree's counterclaim is premature because there is no pending judgment and, therefore, any declaration about the obligation to pay for a hypothetical judgment is not properly before the Court.

Article III requires that a matter be ripe to be justiciable. *Reddy v. Foster*, 845 F.3d 493, 499 (1st Cir. 2017). "Whereas standing asks 'who' may bring a claim, ripeness concerns 'when' a claim may be brought." *Nulankeyutmonen Nkihtaqmikon v. Impson*, 503 F.3d 18, 32 (1st Cir. 2007). The "ripeness doctrine seeks to prevent the adjudication of claims relating to 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Reddy*, 845 F.3d at 500 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). The purpose of ripeness is to avoid adjudicating abstract disagreements. *See Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148-49, *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

Ripeness involves two considerations: "[1] the fitness of the issues for judicial decision and [2] the hardship to the parties of withholding court consideration." *Id.* at 149. Both the fitness and hardship prongs must be satisfied to establish a ripe claim. *Id.* at 89. It is the burden of the party seeking jurisdiction to prove ripeness. *Labor Rels. Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326 (1st Cir. 2016).

The fitness prong "typically involves subsidiary queries concerning finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed." *Ernst & Young v. Depositors Econ. Prot.*

*Corp.*, 45 F.3d 530, 535 (1st Cir. 1995). This prong includes "both jurisdictional and prudential components." *Reddy*, 845 F.3d at 501 (quoting *Roman Catholic Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 89 (1st Cir. 2013)).

The jurisdictional component concerns timing—is there a sufficiently live case or controversy when the claim is filed to create jurisdiction in a federal court. *Roman Catholic Bishop*, 724 F.3d at 89. The key question is "'whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all,' thus rendering any opinion [the court] might offer advisory." *Algonquin Gas Transmission, LLC. v. Weymouth*, 919 F.3d 54, 62 (1st Cir. 2019) (quoting Ernst & Young, 45 F.3d at 536); *see also Mangual v. Rotger-Sabat*, 317 F.3d 45, 59 (1st Cir. 2003) ("The constitutional inquiry, grounded in the prohibition against advisory opinions, is one of timing.").

The prudential component concerns judicial restraint—should the dispute be postponed if elements of the case are uncertain or if postponement may resolve the dispute without the need for decision. *Mangual*, 317 F.3d at 59 (citations omitted).

To analyze the hardship prong of the ripeness test, the Court must ask "whether the challenged action creates a direct and immediate dilemma for the parties." *Roman Catholic Bishop*, 724 F.3d at 90 (citations omitted). "Generally, a mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship." *Id.* (citations omitted).

Here, a declaration about the obligation to compensate a party for a hypothetical future judgment is not a ripe dispute. There is no pending judgment to

litigate over. To state the obvious, if the individual Defendants win at trial, Defendant Braintree will have no indemnification obligation, and this Court's time and resources in adjudicating the Counterclaim will have been wasted.

Moreover, even if Plaintiff prevails, the contours of any potential judgment are presently unknown. Plaintiff pursues multiple claims. The outcome of those particular claims may very well shape any obligation for Braintree to compensate its employees. For instance, an obligation to pay a judgment may hinge on the nature of the claim—whether it is based in negligence or intentional tort. Without having a more definite understanding of the hypothetical future judgment, Braintree is asking the Court to engage in guesswork. The necessity of such guesswork deprives the Court of jurisdiction because the claim is not ripe.

Accordingly, a declaratory judgment action is improper. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (noting "that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" (citations omitted)). Accordingly, the Court should dismiss Defendant Town of Braintree's counterclaim for lack of jurisdiction over the claims.

### b. Braintree lacks standing to pursue a declaratory judgment action against Plaintiff related to its obligation to pay a judgment on behalf of its employees.

Defendant Braintree lacks standing to bring a declaratory judgment action against Plaintiff. As with the issue of ripeness, the issue of standing to bring a claim

9

is constitutional requirement under Article III, which limits federal courts to deciding cases or controversies. *See* United State. Const. art. III § 2; *Merrimon v. Unum Life Ins. Co. of Am.*, 758 F.3d 46, 52 (1st Cir. 2014). The standing doctrine reflects both prudential and constitutional limitations. *Conservation Law Found. of New England, Inc. v. Reilly*, 950 F.2d 38, 40 (1st Cir. 1991).

The constitutional requirement requires that a complainant show "a concrete and particularized injury in fact, a causal connection that permits tracing the claimed injury to the defendant's actions, and a likelihood that prevailing in the action will afford some redress for the injury." *City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 92 (1st Cir. 2008) (citations omitted). The standing requirement is rooted in the principal that courts should only decide cases and controversies. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Here, Defendant Town of Braintree's declaratory judgment action is properly brought only against its former employees because the relationship of liability insurance status is between them. Braintree's counterclaim lacks standing because it cannot trace any claimed injury to Plaintiff's actions or inactions.

That proposition is supported by this Court's prior decision dismissing Plaintiff's indemnification claim because any dispute about the obligation to indemnify would be between the municipal employee and employer:

> The court concludes that Plaintiff lacks statutory standing to assert an indemnification claim against the municipalities. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014) (statutory standing "is an issue that requires [the court] to determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular

10

> plaintiff's claim"). Notwithstanding any agreements that the municipalities may have made to indemnify the defendant police officers, it is for the officers, not Weichel, to bring an indemnification claim against their municipal employers should they be found liable for the misconduct alleged. *See Stull v. Town of Weymouth*, No. CIV.A. 11-11549-JLT, 2013 WL 5592605, at *6 (D. Mass. Oct. 9, 2013) (citing *Restivo v. Swansea*, 398 Mass. 1002, 1003, 495 N.E.2d 838 (1986)) ("only the Officer Defendants, if found liable to Plaintiffs, have standing to sue the Town Defendants for indemnification. Plaintiffs themselves have no standing to claim indemnification on behalf of the Officer Defendants").

Dckt. 85. That same reasoning applies here. Any determination about whether Defendant Braintree must indemnify its employees as a liability insurer is properly between those two parties, Plaintiff has no ability to intervene as a third party to compel such indemnification. Braintree, therefore, cannot trace any claimed injury to Plaintiff.

## CONCLUSION

This Court has the discretion to dismiss such the Counterclaim, which is an unneeded proceeding before this Court. Moreover, it should do so because the jurisdictional requirements of ripeness and standing are missing. The issues raised are not ripe for review because they relate to a hypothetical future contingency. Braintree lacks standing because it cannot trace any purported harm to Plaintiff. Rather, any dispute in the declaratory judgment action is between Braintree and its employees. Accordingly, Braintree's declaratory judgment counterclaim should be dismissed.

              RESPECTFULLY SUBMITTED,

              **FREDERICK WEICHEL**

      BY:  /s/ Mark Loevy-Reyes
           *One of Plaintiff's Attorneys*

Jon Loevy*
Debra Loevy, Bar No. 569212
Mark Loevy-Reyes, Bar No. 707974
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
mark@loevy.com
*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

      I, Mark Loevy-Reyes, an attorney, hereby certify that on May 20, 2022, I filed the foregoing PLAINTIFF'S MOTION TO DISMISS DEFENDANT TOWN OF BRAINTREE'S COUNTERCLAIM FOR DECLARATORY JUDGMENT using the Court's CM/ECF system, which effected service on all counsel of record.

                                      /s/ Mark Loevy-Reyes
                                      *One of Plaintiff's Attorneys*

Jon Loevy*
Debra Loevy, Bar No. 569212
Mark Loevy-Reyes, Bar No. 707974
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
mark@loevy.com
*Admitted *pro hac vice*