UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK WEICHEL,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF BRAINTREE, *et al.*,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*   Civil Action No. 1:20-cv-11456-IT<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

December 22, 2022

TALWANI, D.J.

Defendant Town of Braintree ("Braintree") asserts a counterclaim against Plaintiff Frederick Weichel seeking a declaratory judgment that it is not an entity providing a policy of liability bond or liability insurance to the deceased former officers of the Braintree police department named in Weichel's Amended Complaint [Doc. No. 93]. Now before the court is Weichel's Motion to Dismiss [Doc. No. 147]. For the following reasons, the Motion [Doc. No. 147] is denied.

I.    **Background**

Weichel filed this action against Braintree, former and unknown Braintree police department officials, City of Boston ("Boston"), former Boston police department officials, and Massachusetts state police officials. On motions brought by Boston and Braintree, Mots. [Doc. Nos. 4, 41], the court dismissed Weichel's indemnification claim, concluding that Weichel "lacks statutory standing to assert an indemnification claim against the municipalities" and "it is for the *officers*, not Weichel, to bring an indemnification claim against their municipal employers should [the officers] be found liable for the misconduct alleged." Elec. Order [Doc. No. 85] (emphasis in original). Additionally, the court denied without prejudice Weichel's Motion to

Allow Claims Against Deceased Defendants [Doc. No. 29], holding that under Mass. Gen. Laws. ch. 190B, § 3-803, "Plaintiff may seek leave to amend the complaint to name the decedent, rather than the estate, as the defendant; in either event, Plaintiff shall serve process on the entity providing the policy of liability bond or liability insurance from which Plaintiff intends to satisfy any judgment against the decedent." Elec. Order [Doc. No. 86].

Weichel filed his Amended Complaint [Doc. No 93], naming, inter alia, deceased former Braintree police department officials Chief John Polio, Captain Theodore Buker, and Detective Robert Wilson (collectively, the "Deceased Braintree Defendants"), and served process on Braintree. On February 18, 2022, the court denied in part Braintree's Motion to Dismiss [Doc. No. 99], which sought, inter alia, dismissal of the Deceased Braintree Defendants. Mem. & Order [Doc. No. 129]. The court held that "[w]hile Boston and Braintree seek resolution of the indemnification issue at this stage (presumably before they incur additional costs in defending the deceased officers), they have not filed a pleading (such as a third-party complaint for declaratory relief) placing the issue directly before the court. The court anticipates that if a complaint for declaratory relief were filed, the court would allow limited discovery as to these issues." Id. at 8.

On March 23, 2022, Braintree filed its Answer to the Amended Complaint and Counterclaim [Doc. No. 134], which included a request for declaratory judgment regarding Braintree's claimed lack of a policy of liability bond or insurance for the Deceased Braintree Defendants such that Braintree would not be obligated to satisfy any potential judgment against the Deceased Braintree Defendants. Weichel now moves to dismiss Braintree's counterclaim.

## II.     Discussion

Weichel asks the court to dismiss Braintree's counterclaim for declaratory judgment under theories of judicial discretion and Federal Rule of Civil Procedure 12(b)(1). Although both

arguments center on the claim that Braintree does not present a justiciable question at this stage of litigation, the court addresses each argument separately.

      A.    *Discretion under the Declaratory Judgment Act*

Weichel argues that the court must exercise its discretion to dismiss Braintree's counterclaim where the request for declaratory judgment presents no live controversy prior to a determination of the Deceased Braintree Defendants' liability. See Mot. 5 [Doc. No. 147].

Braintree's counterclaim for declaratory judgment arises under § 3-803(d)(2) of the Massachusetts Uniform Probate Code.[1] Section 3-803(d)(2) restores the three-year statute of limitations for actions against a decedent "in name only" with service of process against the entity holding the policy as long as the claim is (1) for personal injury (2) covered by a policy of liability bond or liability insurance (3) where there is no appointed personal representative for the decedent. See Rosario v. Waterhouse, 2019 WL 4765082, at *2-4 (D. Mass. Sept. 27, 2019) (listing elements). The court has already held that Weichel's claims are for personal injury. See Mem. & Order 5-6 [Doc. No. 129]. Further, the court has held that Mass. Gen. Laws ch. 258, § 9, which holds that public employers may indemnity public employees, does not conclusively determine whether Braintree is obligated to satisfy any judgment against the Deceased Braintree

---

[1] Section 3-803(d)(2) provides that the one-year statute of limitations otherwise applicable to actions against an estate or trust under Mass. Gen. Laws. ch. 190B, § 3-803 shall not limit

> an action for personal injury or death, if commenced more than 1 year after the date of death of the decedent, brought against the personal representative; provided further, that the action is commenced not later than 3 years after the cause of action accrues; and provided further, that a judgment recovered in that action shall only be satisfied from the proceeds of a policy of liability bond or liability insurance, if any, and not from the general assets of the estate; and provided further, that if a personal representative has not been appointed, then an action otherwise allowed pursuant to this chapter may be maintained without such appointment, and shall be maintained naming the decedent as the defendant; and provided further, that in that event any service of process that may be necessary shall be made upon the entity providing the insurance or bond.

Defendants. Id. at 6-7. Braintree also claims that it does not have a policy of liability bond or insurance, leaving open a question of fact. See Answer and Counterclaim [Doc. No. 134]. Finally, the parties dispute whether any of the Deceased Braintree Defendants has an appointed personal representative that would preclude service upon Braintree under § 3-803(d)(2).[2]

The Declaratory Judgment Act, 28 U.S.C. § 2201, allows a district court to grant declaratory relief, limited to cases of actual controversy under Article III. 28 U.S.C. § 2201(a) (district courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937). "The party seeking declaratory judgment has the burden of establishing the court's jurisdiction." Scottsdale Ins. Co. v. MRH Indian Enterprises LLC, 2020 WL 3545512, at *3 (D. Mass. June 30, 2020). "To determine if the declaratory relief is sought within a case of actual controversy, district courts must examine 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 919 F.3d 638, 645 (1st Cir. 2019) (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)) (internal emphasis removed); see also Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937) (holding that a federal court should generally entertain a declaratory judgment action "(1) when the judgement will serve a useful purpose in clarifying and settling the legal relations

---

[2] Braintree previously argued that Weichel failed to demonstrate that there was no personal representative for Detective Wilson's estate. See Mem. In Support of Braintree's Motion to Dismiss 12 [Doc. No. 100]. The court found the question premature where the pleadings at that stage did not yet seek indemnification. See Mem. & Order 7-8 [Doc. No. 129].

at issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.").

A determination of ripeness in the declaratory judgment context has two parts, which must both be satisfied. "First, the court must consider whether the issue presented is fit for review. This branch of the test typically involves subsidiary queries concerning finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed. The second branch… requires the court to consider the extent to which hardship looms—an inquiry that typically turns upon whether the challenged action creates a direct and immediate dilemma for the parties." Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 535 (1st Cir. 1995) (internal quotations and citations omitted).

Braintree's counterclaim is "rooted in the present" where it seeks to determine whether Braintree is the actual party in interest to Weichel's claims against the Deceased Braintree Defendants. See id. at 538. A judgment of whether Braintree can be served under § 3-803(d)(2) governs not only Braintree's potential liability, but whether Weichel's claims against the Deceased Braintree Defendants can proceed at all. Resolution of Braintree's counterclaim promotes "considerations of efficiency, fairness and practical convenience for the court and parties" by determining the relevant parties in interest on a discrete legal issue. Metro. Prop. & Liab. Ins. Co. v. Kirkwood, 729 F.2d 61, 62 (1st Cir. 1984). Unlike parallel proceedings in federal and state court with different parties, see e.g., Scottsdale Ins. Co. v. MRH Indian Enterprises LLC, 2020 WL 3545512, at *4 (D. Mass. June 30, 2020) (granting a motion to dismiss and allowing the declaratory action and underlying action to be decided in state court), Braintree, Weichel, and the Deceased Braintree Defendants are all parties to the same action

pending before the court. As such, the court finds Braintree's counterclaim for a declaratory judgment fit for review.

B.   *Lack of Jurisdiction under Fed. R. Civ. P. 12(b)(1)*

Weichel also argues that the court lacks jurisdiction over Braintree's counterclaim because the claim is not ripe and because Braintree does not have standing.

Rule 12(b)(1) is "[t]he proper vehicle for challenging a court's subject matter jurisdiction." Valentin v. Hospital Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). Federal courts are courts of limited jurisdiction, so federal jurisdiction is never presumed. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Id. A court should treat all well-pleaded facts as true and provide the plaintiff the benefit of all reasonable inferences. Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). Dismissal is appropriate only when the facts alleged in the complaint, taken as true, do not support a finding of federal subject matter jurisdiction. Id.

The doctrines of standing and ripeness are drawn from Article III of the Constitution, which confines the federal courts to the adjudication of actual "cases" and "controversies." See U.S. Const. Art. III, § 2; Reddy v. Foster, 845 F.3d 493, 499 (1st Cir. 2017) ("Two of [Article III's] manifestations are the justiciability doctrines of standing and ripeness, which are interrelated; each is rooted in Article III.").

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements….'" Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 807–08 (2003) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148–149 (1967)). "[T]he facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of" the judicial relief sought. Labor

6

Relations Div. of Constr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 326 (1st Cir. 2016) (quoting MedImmune, Inc. v. Genentech, Inc., et al, 549 U.S. 118, 127 (2007)). To determine ripeness, the courts examine "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Mangual v. Rotger-Sabat, 317 F.3d 45, 59 (1st Cir. 2003) (quoting Abbott Labs., 387 U.S. at 149).

Here, as explained above, whether Braintree maintains a liability bond or insurance policy such that Weichel can proceed against the Deceased Braintree Defendants is a sufficiently ripe controversy that warrants prompt judgment. Resolution of the underlying dispute need not be resolved to present a question ripe for adjudication. See Kelly v. Riverside Partners, LLC, 964 F.3d 107, 115 (1st Cir. 2020) ("[Plaintiff] argues that the defendants' indemnification claim is not ripe because the underlying dispute has not been resolved. Not so."). The question of Braintree's liability coverage is not an abstract disagreement, but rather presents a discreet issue that will not create undue hardship for the parties or the court to address. As such, the court finds that Braintree's counterclaim is ripe for adjudication.

Standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016), as revised (May 24, 2016) (quoting Lujan v. Defs of Wildlife, 504 U.S. 555, 560-61 (1992)). "The standing inquiry is claim-specific: a plaintiff must have standing to bring each and every claim that she asserts." Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012) (citing Pagán v. Calderón, 448 F.3d 16, 26 (1st Cir. 2006)). And where the question of standing is based on the pleadings, "the plaintiff bears the burden of establishing sufficient factual matter to plausibly

demonstrate his standing to bring the action." Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016).

Weichel argues any claim related to Braintree's obligations to the Deceased Braintree Defendants are only properly brought against the Deceased Braintree Defendants, not Weichel. However, Weichel incorrectly relies on the court's prior ruling, which held that Weichel did not have standing to bring an indemnification claim against the municipalities, but rather that it was for the officers to bring against their municipal employers, should they be found liable. See Elec. Order [Doc. No. 85]. In contrast, Braintree's counterclaim is properly directed toward Weichel where Weichel has thus far been permitted to proceed against the Deceased Braintree Defendants through service of process on Braintree under § 3-803(d)(2).

Both Weichel and Braintree have a practical interest in the declaration sought, and redress is only possible where there is a determination as to whether Weichel's claims are subject to § 3-803(d)(2). See Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157-58 (2014) (explaining that to establish standing, the moving party must show an injury in fact, a sufficient causal connection between the injury and conduct, and likelihood of redress); Baker v. Carr, 369 U.S. 186, 204 (1962) (holding that standing requires that the plaintiff has a "personal stake in the outcome of the controversy"). As such, the court finds that Braintree has standing to bring its declaratory judgment claim against Weichel.

### III. Conclusion

Accordingly, for the reasons set forth above, Weichel's Motion to Dismiss [Doc. No. 147] is DENIED.

IT IS SO ORDERED.

December 22, 2022                                            /s/ Indira Talwani
                                                                           United States District Judge