UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FREDERICK WEICHEL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:20-cv-11456-IT |
| | * |
| TOWN OF BRAINTREE, *et al*., | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER
December 27, 2022

TALWANI, D.J.

Defendants John R. Sprague, Edward Whelan, Town of Braintree, James Leahy, and the Estate of Edward Walsh (collectively, "Defendants") seek leave to access Criminal Offender Record Information ("CORI"), Interstate Identification Index ("III"), and Department of Corrections ("DOC") records related to Plaintiff Frederick Weichel and certain non-party witnesses listed in Weichel's Initial Disclosures [Doc. No. 142-2]. See Motion for Disclosure of Criminal Offender Record Information (CORI), Interstate Identification Index (III), and Department of Corrections Records Concerning Plaintiff and Certain Non-Party Witnesses ("Def's Mot.") [Doc. No. 142]. Defendants assert that the CORI and III records "are relevant and discoverable because the information contained therein may be used for impeachment purposes and/or are highly relevant to Plaintiff's claims[.]" Id. at 3.

Weichel's Cross-Motion [Doc. No. 143] conditionally assents to disclosure of CORI and III records, so long as he is granted leave to access CORI and III records related to *all* parties and third-party witnesses identified by the parties, not just those requested by Defendants.[1] Weichel

---

[1] Weichel does not address the request for Department of Corrections Records.

argues that he would be prejudiced if Defendants were granted access to a class of information related to Weichel's potential witnesses and he is not granted the same access as to Defendants' witnesses. Defendants oppose Weichel's request, arguing that Weichel has made no demonstration that the requested individuals are likely to have a criminal history, has not provided a sufficient basis for his request where several individuals are deceased and cannot testify, thus obviating the need for impeachment, and has not identified the specific records he seeks. See Defs' Opp. [Doc. No. 146]. Additionally, Defendants argue that the requested records contain sensitive materials that raise privacy concerns. Id.

Although the court agrees that Weichel has not provided a sufficient basis for the records, Defendants' Motion [Doc. No. 142] similarly fails. Neither side has explained how the records may be relevant to the parties' claims or defenses. See Harden v. Bos. Sci. Corp., 2017 WL 1396009, at *2 (D. Mass. Apr. 18, 2017) (granting a request for a plaintiff's CORI records where the defendant made a sufficient showing of potential relevance).[2] Further, where neither side has made pretrial disclosures of anticipated trial witnesses, the requests for records for impeachment purposes are premature.

Accordingly, Defendants' Motion [Doc. No. 142] and Weichel's Cross-Motion [Doc. No. 143] are DENIED without prejudice to renewed motions on a showing of relevance or following pretrial disclosures.

IT IS SO ORDERED.

December 27, 2022                          /s/ Indira Talwani
                                           United States District Judge

---

[2] Notably, neither side has detailed any efforts to obtain CORI information that is available on request to any member of the general public. See 803 CMR 2.05(5).