IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK WEICHEL, | ) | Case No. 20-CV-11456-IT |
| | ) | |
| Plaintiff, | ) | Hon. Indira Talwani, |
| | ) | District Judge |
| v. | ) | |
| | ) | Hon. M. Page Kelley, |
| TOWN OF BRAINTREE, *et al.*, | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT AND SUBSTITUTE A PERSONAL REPRESENTATIVE**

Plaintiff FREDERICK WEICHEL, by his attorneys, moves this Court to: (a) order counsel for deceased Defendant JAMES LEAHY to identify a personal representative for Mr. Leahy, and (b) substitute that personal representative as a party in this action under Federal Rule of Civil Procedure 25. In support, Plaintiff respectfully submits the accompanying Memorandum of Law in Support of Plaintiff's Motion to Appoint and Substitute a Personal Representative:

**BACKGROUND**

Plaintiff's Complaint alleges that he was wrongfully convicted of the 1980 murder of Robert Lamonica. [Dkt. 1, at 2.] Plaintiff further alleges that Leahy never disclosed evidence that eleven credible witnesses identified another man as the person in the composite sketch used to convict Plaintiff for a crime that he did not commit, causing him to be wrongfully incarcerated for almost 36 years. *Id.* at 11-12.

Defendant Leahy passed away on August 28, 2022. Ex. A. While Defendant Leahy is no longer living, his attorneys represent his interests in this case. On January 10, 2023, Plaintiff's counsel asked defense counsel whether Defendant Leahy would have an estate set up, and received no substantive response and information about Leahy's family lawyer. Ex. B. Plaintiff's counsel also informed defense counsel that it would file a motion to have a representative appointed to substitute as a defendant. *Id.* On information and belief, James Leahy, Jr. is the appointed administrator of Defendant Leahy's estate. Ex. C.

## ARGUMENT

Federal Rule of Civil Procedure 25 provides that a motion for substitution must be made within 90 days of service of a notice of death. FED. R. CIV. P. 25(a)(1). It is not clear whether that 90-day clock has yet started running, because it is unknown whether Mr. Leahy's heirs have been served with the suggestion of death, as required by Rule 25. FED. R. CIV. P. 25(a)(3) (requiring that interested non-parties, such as Mr. Leahy's heirs, be served as provided in Federal Rule of Civil Procedure 4); *see also Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2003) (noting that the clock to substitute does not begin to run until interested non-parties receive proper service). Plaintiff brings this motion, within 90 days of the notice of death to identify and substitute a proper party defendant for Defendant Leahy. Dkt. 175.

Plaintiff's constitutional and state-law claims survive the death of Defendant Leahy. *See Pomeroy v. Ashburnham Westminster Regional School Dist.*, 410

F.Supp.2d 7, 12-14 & n.5 (D. Mass. 2006) (holding that courts should treat a section 1983 claim "as a claim for 'personal injury' under Massachusetts law," such that it survives a party's death under Mass. Gen. Laws ch. 228 § 1) (citing *Mellinger v. Town of West Springfield*, 515 N.E.2d 584 (Mass. 1987), and *Bibbo v. Mulhern*, 621 F. Supp. 1018, 1024-25 (D. Mass. 1985).

Massachusetts law provides that an executor or administrator of an estate may appear or be compelled to appear to defend in civil proceedings in these circumstances. Mass. Gen. Laws ch. 228 § 5. Independent of discussions with Defendant Leahy's counsel, outlined above, Plaintiff believes that a will was filed in Plymouth County naming James Leahy, Jr. as the appointed administrator of Defendant Leahy's estate.

Federal Rule of Civil Procedure 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Rule 25. FED. R. CIV. P. 25(a)(1). Given that James Leahy, Jr. appears to be the proper party as the named administrator of Defendant Leahy's will.

Under Local Rules 7.1 and 37.1, Plaintiff's counsel hereby certifies that the parties conferred by email on these issues on January 10-13, 2023. Counsel for Defendant Leahy stated that it did not have information about the formation of an estate and gave Plaintiff the contact information for Defendant Leahy's family attorney, who Plaintiff reached out to but has not heard from.

WHEREFORE, Plaintiff respectfully requests that the Court substitute James Leahy, Jr. as a party defendant or, alternatively, order counsel for Defendant

3

Leahy to identify a personal representative and substitute that person as a party here.

                                        RESPECTFULLY SUBMITTED,

                                        **FREDERICK WEICHEL**

                              BY:   /s/ Mark Loevy-Reyes
                                            *One of Plaintiff's Attorneys*

Jon Loevy*
Debra Loevy, Bar No. 569212
Mark Loevy-Reyes, Bar No. 707974
Quinn K. Rallins*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
mark@loevy.com
*Admitted *pro hac vice*

# CERTIFICATE OF SERVICE

I, Mark Loevy-Reyes, an attorney, hereby certify that on January 26, 2023, I filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO APPOINT AND SUBSTITUTE A PERSONAL REPRESENTATIVE using the Court's CM/ECF system, which effected service on all counsel of record and by U.S. Certified Mail to the following:

Attorney Michael Baker
72 Sharp St., Suite A5
Hingham, MA 02043
(781) 996-5656
mbaker@mbakerlaw.com


Dated: January 26, 2023

/s/ Mark Loevy-Reyes
*One of Plaintiff's Attorneys*

Jon Loevy*
Debra Loevy, Bar No. 569212
Mark Loevy-Reyes, Bar No. 707974
Quinn K. Rallins*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
mark@loevy.com
*Admitted *pro hac vice*