IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK WEICHEL, | ) | Case No. 20-CV-11456-IT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TOWN OF BRAINTREE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR COURT ORDER FOR NON-PARTY
WITNESS SYDNEY HANLON TO APPEAR AT DEPOSITION**

Plaintiff respectfully requests an order directing non-party witness Sydney Hanlon to comply with Plaintiff's subpoena for her deposition, as follows:

1. Plaintiff brings this motion to enforce a subpoena for third-party Sydney Hanlon to testify.

2. Plaintiff is suing several Braintree police officers and the Town of Braintree related to claims that they violated Plaintiff's constitutional rights, resulting in Plaintiff being wrongfully imprisoned for more than twenty years.

3. Sydney Hanlon was the prosecutor who worked with those police officers in the successful wrongful conviction of Plaintiff.

4. Plaintiff was adjudicated by a jury in Suffolk County Superior Court in 2022 to have been innocent of the murder for which he was convicted in *Weichel v. Commonwealth of Massachusetts*, No. 1884CV02078-A.

5. Ms. Hanlon testified at a deposition and at trial related to that case.

6.    Because the issues here are different from that case, Plaintiff seeks Ms. Hanlon's deposition regarding evidence of fabrication and withholding of exculpatory evidence.

7.    Undersigned counsel here took Ms. Hanlon's testimony in the Suffolk County Superior Court case and is aware that Ms. Hanlon is represented by attorney Robert Sheketoff.

8.    Ms. Hanlon is a key witness on issues relating to Plaintiff's claims.

9.    Knowing that Mr. Sheketoff represented Ms. Hanlon, Plaintiff obtained his agreement for a deposition on February 23, 2023 and consent to serve him with a subpoena for Ms. Hanlon to appear at that deposition. Plaintiff served that subpoena on Mr. Sheketoff on January 4, 2023 *See* Ex. 1.

10.    On February 7 and 15, 2023, Plaintiff asked Mr. Sheketoff to confirm that the deposition would take place. *See* Exs. 2, 3. Mr. Sheketoff did not respond.

11.    On February 23, 2023 the parties met at a court reporter's office for the deposition, but Ms. Hanlon did not appear for the deposition.

11.    On February 23, 2023, Plaintiff's counsel and Mr. Sheketoff had a conversation from the court reporter's office facilitated by Braintree's attorney there who had Mr. Sheketoff's number. Plaintiff followed up on that date for a day to take the deposition of Ms. Hanlon before the end of March 2023. *See* Ex. 4. Mr. Sheketoff agreed to pay for the cancellation fee for the February 23, 2023 deposition, which Plaintiff sent to him on February 27, 2023. *See* Ex. 5.

12. Because of the failure to appear or obtain agreed upon dates, on March 15, 2023, Plaintiff served a subpoena for deposition directly on Ms. Hanlon. *See* Ex. 6.

13. Counsel for Ms. Hanlon and Plaintiff discussed that Mr. Sheketoff had an out-of-state trial through June that would prevent him from appearing at the deposition until late June. They further discussed taking the deposition the final week of June, with Plaintiff's counsel offering any date that week. *See* Ex. 7.

14. Plaintiff and Mr. Sheketoff eventually agreed on a date of June 27, 2023, and Plaintiff served a subpoena for the deposition on Mr. Sheketoff on April 12, 2023. *See* Ex. 8.

15. On June 27, 2023, Plaintiff sought to confirm that the deposition was going to take place. *See* Ex. 9. Mr. Sheketoff advised that he did not put the date in his calendar, and he agreed to pay for the cancellation fee. *Id*. Plaintiff again asked for deposition dates before the close of discovery and advised that the deposition would likely last no more than two hours. *Id*.

16. On June 28, July 5, and July 10, 2023, Plaintiff by email sought deposition dates before the close of discovery for Ms. Hanlon from Mr. Sheketoff. *See* Exs. 10-12. The latter two emails advised Mr. Sheketoff that he would pursue this motion in the absence of an agreed upon date. *Id*. Plaintiff has not heard from Mr. Sheketoff since June 27, 2023 regarding the scheduling of the deposition.

## JURISDICTION

17. This Court has sole jurisdiction to enforce Sydney Hanlon's subpoena for deposition. Fed. R. Civ. P. 45, 2013 Committee Notes on Rules to Subdivision (f) ("[S]ubpoena-related motions . . . are to be made to the court where compliance is required under Rule 45(c).").

## ARGUMENT

18. Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim . . . ." The rule also extends to "matters which will . . . appear reasonably calculated to lead to such evidence. . . ." Fed R. Civ. P. 45, 1970 Notes of Advisory Committee on Rules to Subdivision (b)(2).

19. Rule 45(g) provides that "[t]he court for the district where compliance is required . . . may hold in contempt, who having been served, fails without adequate excuse to obey the subpoena or an order related to it."

20. In order to prevail on a request for a contempt finding, the proof must establish by clear and convincing evidence, "(1) that the alleged contemnor had notice that he was within the order's ambit; (2) that the order was clear and unambiguous; (3) that the alleged contemnor had the ability to comply; and (4) that the order was indeed violated." *U.S. v Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005).

21. First, Rule 45(b) dictates that "serving a subpoena requires delivering a copy to the named person . . . ." "Delivery," as used in Rule 45(b), has been construed to mean that personal in-hand service is not required; rather, service is

proper "where it [is] effected by a means reasonably calculated to complete delivery and the respondents receiv[e] actual notice of the subpoena." *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *5 (D. Mass. Nov. 13, 2013); *Bland v. Fairfax Cty., Va.*, 275 F.R.D. 466, 469 (E.D. Va. 2011) (holding that non-personal service effected by means reasonably sure to complete delivery complied with Rule 45); *In re Shur*, 184 B.R. 640, 642 (Bankr. E.D.N.Y. 1995) (holding that the only limitation upon service under Rule 45 is that the procedure employed be reasonably calculated to give the non-party actual notice of the proceedings and an opportunity to be heard).

22. On March 15, 2023, Ms. Hanlon was served with a subpoena compelling her to provide testimony at a deposition scheduled on April 4, 2023 at 68 Commercial Wharf, Boston, MA. The subpoena was addressed to Sydney Hanlon, hand-delivered to a woman who answered the front door at her place of residence with a $40.66 check payable to her for witness fees and mileage. *See* Ex. 6.

23. In addition, by agreement of her attorney, Plaintiff served two subpoenas on her attorney on January 4 and April 12, 2023. *See* Ex. 1, 8.

24. Second, the subpoena served on Ms. Hanlon was clear and unambiguous. It informed her of the date, time, and place for his deposition, and that she was expected to provide testimony relating to this case. *See* Ex. 6

25. Third, the deposition was scheduled to take place at 68 Commercial Wharf, Boston, MA, a court reporter's office located within 50 miles from Ms.

Hanlon's residence. *See* Ex. 6. The subpoena also tendered the fees for one day's attendance and mileage to/from the deposition in the amount of $40.66. *See* Ex. 6.

26. Finally, Ms. Hanlon's depositions were scheduled for February 23, April 4, and June 27, 2023, and Ms. Hanlon failed to appear for the depositions at the appointed times and place. *See* Exs. 1,6, 8.

27. Rule 45(d) sets forth the grounds on which a deponent may assert protection from a subpoena or may object to or quash a subpoena. When Ms. Hanlon refused to appear for deposition, Ms. Hanlon did not assert any grounds that would provide adequate excuse for his failure to obey the subpoena.

28. Ms. Hanlon's willful failure to appear for deposition constitutes a violation of a clear and unambiguous order that she understood applied to him. According to the rules, Plaintiff is justified in moving the court to hold Sydney Hanlon in contempt, but instead Plaintiff believes the appropriate step is to issue a court order directing compliance with the subpoena. *See Hearts with Haiti, Inc. v. Kendrick*, No. 2:13-CV-00039-JAW, 2015 WL 4065219, at *3 (D. Me. July 2, 2015) (noting that "typically, a district judge will preface a contempt citation with an order directing . . . compliance with the subpoena . . . .") (internal quotations marks omitted).

## CONCLUSION

WHEREFORE, Plaintiff Frederick Weichel respectfully requests that this court issue an order directing non-party witness Sydney Hanlon to comply with the subpoena for deposition in this case.

RESPECTFULLY SUBMITTED,

FREDERICK WEICHEL

By: <u>/s/ Mark Loevy-Reyes</u>
*One of Plaintiff's Attorneys*

Mark Loevy-Reyes, BBO No. 707974
LOEVY & LOEVY
398 Columbus Avenue, #294
Boston, MA 02116
(312) 243-5900
mark@loevy.com

Jon Loevy\*
Quinn K. Rallins\*
Debra Loevy, BBO No. 569212
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
\*Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I, Mark Loevy-Reyes, an attorney, hereby certify that, on July 11, 2023, I filed the foregoing PLAINTIFF'S MOTION FOR COURT ORDER TO APPEAR AT DEPOSITION FOR NON-PARTY WITNESS SYDNEY HANLON using the Court's CM/ECF system, which effected service on all counsel of record. I also had this motion served on Robert Sheketoff at sheketoffr@aol.com and on Sydney Hanlon by overnight delivery via USPS to 33 Carruth Street, Dorchester, MA 02124.

                                                   /s/ Mark Loevy-Reyes
                                                   *One of Plaintiff's Attorneys*