UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FREDERICK WEICHEL,

     Plaintiff,

     v.

TOWN OF BRAINTREE, *et al.*,

     Defendants.

Case No. 20-CV-11456-IT

**AGREED PRIVACY ACT ORDER**

WHEREAS the Plaintiff has submitted a *Touhy* request for certain documents from the

Federal Bureau of Investigation, which is not a party to this action;

WHEREAS the Plaintiff has agreed to limit his request to documents concerning any

investigation or information regarding any interaction, communication, and/or dealings between

certain defendants (Edward J. Walsh, Walter Derby, John R. Sprague, and Robert Wilson), and

Steve Flemmi, James "Whitey" Bulger, and/or Kevin Weeks from 1972–1982;

WHEREAS such documents are subject to the restrictions of the Privacy Act of 1974, 5

U.S.C. § 552a because they are from a "system of records . . . under the control of any agency

from which information is retrieved by the name of the individual or by some identifying

number, symbol, or other identifying particular," 5 U.S.C. § 552a(5);

WHEREAS Section 552a(b)(11) permits the disclosure of such documents "pursuant to

the order of a court of competent jurisdiction";

The Court hereby ORDERS that:

1.     Pursuant to 5 U.S.C. § 552a(b)(11), the FBI is authorized to produce the above-

referenced documents that may be subject to the Privacy Act to the Plaintiff;

2.      Such documents shall be marked "Subject to Privacy Act Order" and may be used only for the purposes of this litigation and no other purpose whatsoever;

3.      Such documents may only be disclosed to:

      a.  Counsel of Record in this action;

      b.  The court and its personnel;

      c.  Court reporters and their staff;

      d.  Vendors or entities that provide litigation support services ("Professional Vendors"), provided that the party retaining such Professional Vendor provides a copy of this Order and that such Professional Vendor agrees, in writing, to be bound by this Order; and

      e.  During their depositions, witnesses, and attorneys for witnesses, in this action to whom disclosure is reasonably necessary, provided that such persons receive a copy of this Order and agree, in writing, to be bound by this Order;

4.      Such documents may only be filed under seal, and such filing shall only be made pursuant to a court order authorizing the sealing of the specific documents at issue; and

5.      Such documents and all copies of them shall be returned to the United States Attorney's Office for the District of Massachusetts, or destroyed, within 30 days following the conclusion of this case.

6.      This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.  Nor does this Order constitute any ruling on the question of whether

the FBI or any other federal agency my withhold a particular document or category of

information on the basis of any privilege.


SO ORDERED:


DATED:


_____
Honorable Indira Talwani
United States District Court Judge