UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK WEICHEL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-12126-IT |
| | * | |
| TOWN OF BRAINTREE, BRAINTREE POLICE CHIEF RUSSELL JENKINS, KEVIN WARE, and UNKNOWN BRAINTREE POLICE OFFICERS, | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| FREDERICK WEICHEL, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| TOWN OF BRAINTREE, BRAINTREE POLICE CHIEF JOHN VINCENT POLIO, BRAINTREE POLICE OFFICERS JAMES LEAHY, ESTATE OF ROBERT WILSON, ESTATE OF THEODORE BUKER, and UNKNOWN BRAINTREE POLICE OFFICERS, ESTATES OF BOSTON POLICE OFFICERS EDWARD WALSH and WALTER DERBY, CITY OF BOSTON, MASSACHUSETTS, and STATE POLICE OFFICERS JOHN R. SPRAGUE and EDWARD WHELAN, | * | Civil Action No. 1:20-cv-11456-IT |
| | * | |
| Defendants. | * | |

PROTECTIVE ORDER
June 5, 2024

TALWANI, D.J.

On Defendant Town of Braintree's Assented-to Motion for Non-Waiver Order Pursuant to Federal Rule of Evidence 502(d) in each of the above-captioned matters, and with good cause

shown, the court hereby enters the following order protecting against the waiver of attorney client privilege and work product protection as to the documents and electronically stored information (ESI) that the Town is providing to its insurers (i) to assist the Town's insurers' evaluation of the Town's applicable insurance coverage and (ii) to comply with the terms and conditions of the Town's insurance policies:

a. The disclosure of privileged or protected information in connection with this case does not constitute a waiver of the attorney-client privilege or work product protection, whether the disclosure is inadvertent or otherwise;

b. In the event of disclosure of any privileged or protected information, the disclosing party may notify the receiving entity, which will result in the receiving entity immediately returning, sequestering, or destroying the specified information and any copies thereof;

c. The receiving entity may not use or disclose the information pending resolution of the privilege claim;

d. The receiving entity must take reasonable steps to retrieve the information if the party disclosed the information before being notified; and

e. Any use, dissemination, or production of privileged or protected information before being notified of the inadvertent disclosure will not prejudice or otherwise constitute a waiver of the privilege or protection.

IT IS SO ORDERED

June 5, 2024

/s/ *Indira Talwani*
United States District Judge